**19 SOLID WASTE DEPARTMENT MECHANICS, Sam Aguilar, Rudy Archuleta, Jr., Edward Baca, Paul Barboa, M.E. Barreras, Gary L. Chavez, Johnny Chavez, Anthony Demello, Michael Gutierrez, Jimmy Herrera, Bill Lipitz, John Lujan, Frank Ortega, Aaron Romero, Donald Scott, Frank Serna, Arturo Torres, Jr., James Vigil, and Rory Wessel, Plaintiffs–Appellees,**

v.

**ALBUQUERQUE, CITY OF; Louis E. Saavedra, Mayor, Arthur Blumenfeld, Chief Administrative Officer; Lawrence Rael, Assistant Chief Administrative Officer, and David Campbell, City Attorney and Chairman of the Substance Abuse Task Force, individually and in their official capacities, Defendants–Appellants.**

No. 94–2268.

United States Court of Appeals,
Tenth Circuit.

Feb. 21, 1996.

Victor S. Lopez, Assistant City Attorney, Albuquerque, New Mexico (Robert M. White, City Attorney, and Charles W. Kolberg, Assistant City Attorney, with him on the brief), for Defendants–Appellants.

Paul Livingston, Albuquerque, New Mexico, for Plaintiffs–Appellees.

Before SEYMOUR, COFFIN,[1] and McKAY.

COFFIN, Senior Circuit Judge.

This case involves a challenge by 19 mechanics to the City of Albuquerque's drug testing policy. The district court ruled that the policy violated both the Fourth Amendment and the New Mexico Open Meetings Act, and the City appealed. Since the time of oral argument, however, the parties properly have agreed that, because the district court has not yet addressed the issue of damages, an appeal of the Fourth Amendment ruling is premature. *See Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 744, 96 S.Ct. 1202, 1206–07, 47 L.Ed.2d 435 (1976); *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 594 (7th Cir.1990).[2]

---

1. The Honorable Frank M. Coffin, United States Senior Circuit Judge for the First Circuit, sitting by designation.

2. The City also claims that the Open Meetings Act issue should be dismissed as premature because the district court did not state the effect of its holding that the policy was invalid. The court's ruling "declaring" the drug testing policy

It also was revealed at oral argument that the City had withdrawn the disputed policy. This information prompted our inquiry into whether the controversy remained alive, and subsequently led to a motion from the City for a declaration of mootness on the Open Meetings Act issue and a request for vacatur of the district court's decision on that claim. Plaintiffs filed an opposition, arguing, *inter alia*, that the motion was untimely, that it was filed simply as a bad-faith maneuver to evade the district court's judgment, and that various exceptions to the mootness doctrine are applicable. Plaintiffs urged that, if the case were deemed moot, the district court's judgment be allowed to stand.

■ Having considered the record before us in light of the relevant precedent, we conclude that the proper course is to dismiss the Open Meetings Act issue as moot. The parties agree that the policy ruled unconstitutional by the district court has been replaced. The record contains only passing references to the new policy, and no specific information is provided about its creation. The City baldly asserts in its motion that the policy "conformed procedurally with the requirements set by Judge Parker," while the plaintiffs assert that "the process by which the City created its 'new' policy was no more open or public tha[n] the process used for the old policy...." We cannot possibly determine on the record before us whether the present policy was drafted in accordance with the Act, and we can see no benefit to be gained from reviewing the district court's judgment on the withdrawn policy.

■ We deny, however, the City's motion to vacate the district court's judgment. The Supreme Court has observed that, in determining how to dispose of moot cases, "[t]he principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action," *U.S. Bancorp Mortg. Co. v.*

*Bonner Mall Partnership,* —— U.S. ——, ——, 115 S.Ct. 386, 391, 130 L.Ed.2d 233 (1994). The determination on vacatur is an equitable one, *id.* at ——, 115 S.Ct. at 393, but the presumption is in favor of retaining the judgment, which " 'should stand unless a court concludes that the public interest would be served by a vacatur,' " *id.* at ——, 115 S.Ct. at 392 (citation omitted). The Supreme Court explained the basis for the presumption in *U.S. Bancorp:*

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would— quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system.

—— U.S. at ——, 115 S.Ct. at 392.[3] The Court went on to reject the notion that motions at the court of appeals level for vacatur of district court judgments should be granted more freely than motions to vacate rulings of the courts of appeal because district court judgments are subject to review as of right. *Id.* at ——, 115 S.Ct. at 393. The Court noted that that difference does not affect its primary rationale, that "a litigant who has voluntarily abandoned review" lacks equitable justification for vacatur. *Id.*

In this case, the City unquestionably caused the mootness by withdrawing the policy the district court had found invalid. It nonetheless contends that vacatur is appropriate, and includes among its reasons the fact that it believes the district court's decision is wrong. This rationale obviously collides head on with the Supreme Court's admonition that a party should not be allowed to use vacatur "as a refined form of collateral

to be invalid provided all the relief requested under the Open Meetings Act claim, however, and the judgment on that claim therefore was properly certified under Fed.R.Civ.P. 54(b).

**3.** The specific question in *U.S. Bancorp* was whether "appellate courts in the federal system should vacate civil judgments of subordinate

courts in cases that are settled after appeal is filed or certiorari sought." —— U.S. at ——, 115 S.Ct. at 388–89. The Court ruled that mootness by reason of settlement does not justify vacatur, although it noted that exceptional circumstances might warrant it in a particular case. *Id.* at ——, 115 S.Ct. at 393.

attack on the judgment," *U.S. Bancorp,* —— U.S. at ——, 115 S.Ct. at 392.

The City also contends, however, that it had no reasonable course of action to follow other than to replace the policy invalidated by the district court. It could not continue to test under the policy, and halting all drug testing until after the appeal was decided would extend indefinitely the risk of harm to city employees and others that the policy was designed to prevent. The City thus contends that its decision to adopt a new policy was appropriate, and argues that the resulting mootness should not be held against it. Because it claims that other employees disciplined under the invalidated policy might be able to use the district court's judgment against the City, the City contends that vacatur is in the public interest.

For various reasons, we are unpersuaded. First, the City overstates the need to replace the invalidated policy with a new one during the pendency of the appeal. The City previously conducted reasonable suspicion testing under the authority of its personnel rules, and certain municipal departments also had independent substance abuse policies. While not as comprehensive as the invalidated program, reasonable suspicion testing arguably protected against the most serious risk of harm from employee substance abuse.

Second, the assertion that some unquantified number of other employees disciplined under the withdrawn policy may use the district court judgment offensively against the City is far too speculative to support a departure from the normal practice of letting a judgment lie against the party that has caused mootness. Indeed, the claim that the district court's judgment, undisturbed, will have unfair precedential consequences for the City strikes us as simply an argument against mootness. This factor should have been considered by the City in deciding whether to advocate dismissal of the claim.

Finally, our task broadly defined is to dispose of a moot case "in the manner 'most consonant to justice' ... in view of the nature and character of the conditions which have caused the case to become moot," *U.S. Bancorp,* —— U.S. at ——, 115 S.Ct. at 391 (citations omitted). The City both caused mootness and sought dismissal on the basis of mootness, and now requests a *de facto* reversal on the claim that it has abandoned. This one-sided use of the mootness doctrine does not appear to serve any interest other than the City's own. Indeed, to grant its requested disposition would be

> to encourage litigants who are dissatisfied with the decision of the trial court "to have them wiped from the books" by merely filing an appeal, then complying with the order or judgment below and petitioning for a vacatur of the adverse trial court decision.

*United States v. Garde,* 848 F.2d 1307, 1311 (D.C.Cir.1988). We consequently conclude that the City has failed to demonstrate "equitable entitlement to the extraordinary remedy of vacatur," *U.S. Bancorp,* —— U.S. at ——, 115 S.Ct. at 392. *Cf. Jones v. Temmer,* 57 F.3d 921, 923 (10th Cir.1995).

*The appeal of the Fourth Amendment claim is dismissed as premature, and the case is remanded to the district court for further proceedings on that issue. The Open Meetings Act claim is dismissed as moot, and the City's motion to vacate the district court's judgment on that claim is denied.*