F I L E D
United States Court of Appeals
Tenth Circuit

AUG 10 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

19 SOLID WASTE DEPARTMENT
MECHANICS, SAM AGUILAR,
RUDY ARCHULETA, JR.,
EDWARD BACA, PAUL BARBOA,
M.E. BARRERAS, GARY L.
CHAVEZ, JOHNNY CHAVEZ,
ANTHONY DEMELLO, MICHAEL
GUTIERREZ, JIMMY HERRERA,
BILL LIPITZ, JOHN LUJAN,
FRANK ORTEGA, AARON
ROMERO, DONALD SCOTT,
FRANK SERNA, ARTURO
TORRES, JR., JAMES VIGIL, and
RORY WESSEL,

          Plaintiffs,

v.

CITY OF ALBUQUERQUE;
LOUIS E. SAAVEDRA, Mayor,
individually and in his official
capacity; ARTHUR BLUMENFELD,
Ph.D., Chief Administrative Officer,
individually and in his official
capacity; LAWRENCE RAEL,
Assistant Chief Administrative
Officer, individually and in his
official capacity; DAVID
CAMPBELL, City Attorney and
Chairman of the Substance Abuse
Task Force, individually and in his
official capacity,

          Defendants-Appellees,

No. 99-2172
(D.C. No. CIV-93-1385-JP)
(D. N.M.)

PAUL LIVINGSTON,

      Attorney-Appellant.

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following plaintiffs' successful challenge on federal civil rights and state law grounds to the City of Albuquerque's drug testing program, plaintiffs sought recovery of their attorney fees under 42 U.S.C. § 1988. The district court granted the request for fees applicable to their successful Fourth Amendment claim, but denied those applicable to their unsuccessful due process claim and successful

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

state law claim. The court also denied their request for an enhancement of their fees based on their results. This appeal followed.

Plaintiffs are mechanics who worked for the City's Solid Waste Department and who became subject to the City's policy requiring drug testing through urinalysis in 1992. In 1993, they filed this action challenging the policy on three grounds, the first two of which they brought under 42 U.S.C. § 1983: (1) it was an unreasonable warrantless search that violated the Fourth Amendment; (2) the policy violated their right to due process under the Fourteenth Amendment; and (3) the policy was invalid because it was not enacted in compliance with the New Mexico Open Meetings Act, N.M. Stat. Ann. § 10-15-1 et seq. (Michie 1995). On cross-motions for summary judgment, the district court granted plaintiffs' motion on Fourth Amendment and Open Meetings Act grounds, but granted defendants' motion on due process grounds. In defendants' first appeal, we dismissed the appeal of the Fourth Amendment claim as premature because the district court had not yet addressed the issue of damages, and we dismissed the appeal of the Open Meetings Act claim as moot because the City had withdrawn the disputed policy. *See 19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 76 F.3d 1142 (10th Cir. 1996). Following the district court's award of $2,700 in damages, defendants again appealed the Fourth Amendment claim, and this time we affirmed. *See 19*

*Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068 (10th Cir. 1998).

Plaintiffs then renewed their application to the district court for attorney fees under § 1988, seeking recovery for all of the hours their counsel spent working on the case at his customary rate of $125 an hour, for a total of $32,530.73, plus an enhancement of the fee award due to the level of success attained and other factors. The district court determined that the requested rate was reasonable, but that plaintiffs were entitled to recover fees applicable only to the successful Fourth Amendment claim without any enhancement. It therefore awarded fees in the amount of $18,188.75. The issue now before us is whether plaintiffs were entitled to recover fees for all of their counsel's time spent on the case and an enhancement of their fee.

Before we address the merits, however, we must address a jurisdictional issue we raised sua sponte. The notice of appeal stated that plaintiffs' counsel, Paul Livingston, was appealing the district court's decision regarding the fee award. We tolled briefing on the merits and requested the parties to brief the issue whether Mr. Livingston had standing to appeal the district court's decision. On further consideration, we agree with both plaintiffs and defendants that Mr. Livingston does have standing. *See Dietrich Corp. v. King Resources Co.*, 596 F.2d 422, 424 (10th Cir. 1979) (finding attorney who acted as consultant to lead

attorneys for party had standing to challenge partial denial of his fee request on basis that attorney was "an aggrieved party and his property interest can be protected only by recognizing this as one of those extraordinary cases where a nonparty may be allowed to appeal"); *see also Samuels v. American Motors Sales Corp.*, 969 F2d 573, 576-77 (7th Cir. 1992); *Lipscomb v. Wise*, 643 F.2d 319, 320-21 (5th Cir. 1981). [2]

We therefore proceed to the merits. We review the district court's decisions whether to award attorney fees under § 1988 and the amount of fees to award for an abuse of discretion. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

Mr. Livingston's primary argument on appeal is that the three claims plaintiffs asserted were related and the district court erred in determining that he could not recover his fees for the unsuccessful federal due process claim and the successful state law claim. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Robinson*, 160 F.3d at 1283-84. He contends that the claims were based on "a common core of facts (and) related legal theories," Appellant's Br. at 10 (citing *Hensley*, 461 U.S. at 435), but he fails to demonstrate what was common or

---

[2]    Although the City's concession that Mr. Livingston has standing to appeal has no legal effect on our jurisdiction, *see Stubblefield v. Windsor Capital Group*, 74 F.3d 990, 993 n.3 (10th Cir. 1996), we mention it to show the absence of prejudice to the City by counsel's appealing in his own name.

related about the claims except that they sought to halt the City's drug testing of plaintiffs. Plaintiffs' Fourth Amendment claim focused on the lack of a compelling government interest in performing warrantless searches. *See 19 Solid Waste Dep't Mechanics*, 156 F.3d at 1074-75; Appellant's App. at 17-18 (district court's memorandum decision and order). Their procedural due process claim targeted the allegedly inadequate process available to employees testing positive for drugs. *See id.* at 21-23. Their Open Meetings Act claim was based on the fact that the group who drafted the drug testing policies failed to conduct their meetings in public as required by the Act. *See id.* at 23-27. Although these claims may all have ultimately sought the abolition of the drug-testing policy, on this record, we cannot say that these claims were so closely related factually or legally that the district court abused its discretion in not awarding fees for all of them.

Mr. Livingston also contends that the court erred by not enhancing the attorney fees awarded because plaintiffs achieved extraordinary success on their claims, he took the case on a contingent fee basis, there was a real risk of not prevailing confronting him at the start of the case, and his stated fee of $125 per hour was less than the market value for his services. Although the district court did not give reasons for not enhancing the fees awarded, we again conclude that Mr. Livingston has not demonstrated that the court abused its discretion.

-6-

Plaintiffs' success was not so extraordinary as to mandate an enhanced fee.

Enhancements for contingency are not permitted. *See City of Burlington v.*

*Dague*, 505 U.S. 557, 567 (1992). And Mr. Livingston has provided no evidence

of what the real "market value" of his services is.

AFFIRMED.


Entered for the Court


Wade Brorby
Circuit Judge