■ NORTH FORK MOTEL, INC., Respondent, v CHARLES GRIGONIS, JR., et al., Constituting the Zoning Board of Appeals of the Town of Southold, et al., Appellants. — In a CPLR article 78 proceeding, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered July 1, 1982, which annulled determinations of building inspectors George H. Fisher and Edward F. Hinderman, dated February 13, 1980 and December 22, 1980, respectively, and a determination of the Zoning Board of Appeals of the Town of Southold, dated June 25, 1981, which denied petitioner's applications for permission to change the form of ownership of certain premises. Judgment affirmed, without costs or disbursements. Zoning ordinances cannot be employed by a municipality to exclude condominiums or discriminate against the condominium form of ownership, for it is use rather than form of ownership that is the proper concern and focus of zoning and planning regulations (see Town Law, § 261; *Maplewood Vil. Tenants Assn. v Maplewood Vil.,* 116 NJ Super 372; *Bridge Park Co. v Borough of Highland Park,* 113 NJ Super 219). Nor does the mere change in the type of ownership result in the destruction of a valid existing nonconforming use (see *City of Miami Beach v Arlen King Cole Condominium Assn.,* 302 So 2d 777 [Fla]; *Graham Ct. Assoc. v Town Council of Town of Chapel Hill,* 53 NC App 543). Accordingly, Special Term correctly concluded that the conversion of ownership of the subject property from a corporate form to a condominium form is not violative of the zoning ordinance of the Town of Southold, provided the property's present use as a motel remains unchanged. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.