■ CATHAM REALTY CORP., Respondent, v TOWN OF SOUTHAMPTON et al., Appellants. — In an action for a declaratory judgment to declare certain amendments to the Zoning Code of the Town of Southampton invalid, defendants appeal from a judgment of the Supreme Court, Suffolk County (Corso, J.), entered January 12, 1983, which declared such amendments null and void. Judgment reversed, on the law, with costs, and amendments to the business districts table of use regulations are declared valid, and complaint dismissed. The Town of Southampton amended, *inter alia,* its business districts table of use regulations on March 31, 1981 to prohibit conversions to residential co-operatives in, *inter alia,* the resort and waterfront business (RWB) district. Prior to the amendments, the only residential uses permitted in that district were those which existed prior to the amendment of the zoning ordinance. Plaintiff, who owns a motel in the RWB district, asserts, and Special Term found, that these amendments impermissibly place restrictions on the State's statutory scheme with regard to co-operative conversions (see General Business Law, § 352-e *et seq.*). We disagree. The subject amendments address *residential* co-operatives which are defined as "[a] multiple dwelling in which

residents have an ownership interest in the entity which owns the building(s) and, in addition, a lease or occupancy agreement which entitles the residents to occupy a particular dwelling unit within the building. 'Interval' or 'Time Sharing' forms of ownership and use shall be deemed included in this definition". This definition makes it clear that the town board was addressing the type of use to which a building would be put, not merely its form of ownership (cf. *North Fork Motel v Grigonis*, 93 AD2d 883). Consequently, if plaintiff is correct in its contention that there would be *no change of use* involved in converting the form of ownership from corporate ownership of the motel to co-operative ownership of the motel, then it will be unaffected by the amendments (cf. *North Fork Motel v Grigonis, supra*). Only if it converts the building from its current business use into a residential use do the amendments have any bearing on it. It should be noted that such a changed use would also have been impermissible before the amendments were passed. Inasmuch as the town has defined a co-operative in terms of residential uses, and has the authority to regulate such uses in accordance with section 261 of the Town Law, the subject amendments were a valid exercise of its power. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.