■ FGL & L PROPERTY CORP., Appellant-Respondent, v CITY OF RYE et al., Respondents-Appellants. — In an action, *inter alia,* for a judgment declaring Rye City Code § 197-13.2 invalid and unconstitutional, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered March 5, 1984, as denied injunctive relief against the enforcement of that section of the city code pending a hearing to determine if said section was confiscatory with respect to plaintiff's property, and defendants cross-appeal from so much of the same order as denied their motion for summary judgment declaring said section of the city code valid.

Order reversed insofar as appealed from, on the law, with costs, the second and third decretal paragraphs thereof are

deleted, and it is declared that Rye City Code § 197-13.2 is invalid as it constitutes an improper regulation of the form of ownership of property.

The ordinance in question purports to create a new zoning district, applicable only to plaintiff's 22-acre lot. The ordinance further directs, among many other things, that the purported district must be maintained in single ownership, and further provides that any development of the property, which is severely restricted, be limited to residential condominiums.

As a fundamental principle, zoning is concerned with the use of the land, and not with the person who owns or occupies it (*see, e.g., Matter of Dexter v Town Bd.,* 36 NY2d 102, 105; *Matter of Weinrib v Weisler,* 33 AD2d 923, *affd* 27 NY2d 592; *North Fork Motel v Grigonis,* 93 AD2d 883; *Allen v Town of North Hempstead,* 103 AD2d 144).

The instant ordinance, which purports to direct how the property may be held to the exclusion of all other forms of ownership, must fail because, as a general principle, a municipality does not have the power to regulate the manner of ownership of a legal estate, as "it is use rather than form of ownership that is the proper concern and focus of zoning and planning regulations" (*North Fork Motel v Grigonis, supra; see also, McHenry State Bank v City of McHenry,* 113 Ill App 3d 82, 446 NE2d 521, 524; *CHR Gen., Inc. v City of Newton,* 387 Mass 351, 439 NE2d 788, 791; *Bridge Park Co. v Borough of Highland Park,* 113 NJ Super 219, 273 A2d 397, 399; *County of Fayette v Cossell,* 60 Pa Commw 202, 430 A2d 1226, 1228; *Graham Ct. Assoc. v Town Council of Town of Chapel Hill,* 53 NC App 543, 281 SE2d 418). Although in the majority of the above cases the general principle was invoked to prevent a municipality from excluding the condominium form of ownership, and here the instant ordinance permits that form of ownership to the exclusion of all others, the result is the same. The city here has attempted to dictate how property may be owned, and that is exactly what it is not authorized to do.

In light of our determination, we do not reach the other issues. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.