2002 WY 12

**Francis B. AHEARN, Appellant (Plaintiff),**

v.

**TOWN OF WHEATLAND, Appellee (Defendant).**

No. 00–276.

Supreme Court of Wyoming.

Jan. 29, 2002.

Francis B. Ahearn, pro se, Representing Appellant.

Douglas W. Weaver, Wheatland, WY, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   Appellant Francis Ahearn (Ahearn) challenges the validity of Appellee Town of Wheatland's municipal ordinance that provides abbreviated procedures for resubdividing property within an existing subdivision on grounds that it conflicts with various state statutes. He contends that, by state statutory definition, division of a previously subdivided tract into three parcels is the creation of a new subdivision which cannot be accomplished without proceeding under those statutes and ordinances governing the creation of a new subdivision.   Ahearn also contends that the municipality's failure to notify a party holding a certificate of sale violated the ordinance's provision requiring notice to property owners of record within 140 feet, excluding streets, from the parcel and requires reversal of approval.   The district court determined no conflict existed because the state statutes authorized the Town of Wheatland to enact ordinances governing subdivision and authorized resubdividing in this manner.   It held that approval was properly granted and granted summary judgment to the Town of Wheatland.

[¶ 2]   We hold that the Town of Wheatland has acted in accord with all governing law and affirm the summary judgment.

## ISSUES

[¶ 3] Ahearn presents these issues for our review:

I. Is a division of a tract or parcel of land into three (3) or more parts for immediate or future sale or building development considered a subdivision pursuant to Wyoming law?

II. Shall every original owner of a subdivided tract of land have to give their free consent and sign the subdivision plat map?

III. Can a municipality enact ordinances which allow a developer to subdivide a tract of land into three (3) parcels without complying with Wyoming statutes for recording a plat map?

The Town of Wheatland (Wheatland) restates the issues as:

(1) Was the district court correct in granting summary judgment in favor of the Town of Wheatland and as such holding that Ordinance No. 670 was valid?

(2) Did the Town of Wheatland correctly follow the procedures outlined in Ordinance No. 670 when it approved the application filed by Anderson/ Bishop pursuant to Ordinance No. 670?

## FACTS

[¶ 4] The property at the center of this dispute is 4.84 acres known as Tract G that is located in the Town of Wheatland in a subdivision known as Black Mountain Village, Filing No. 1, which was, according to the application filed by Anderson/Bishop, originally platted on September 30, 1986. Tract G is owned in part by the general partnership of Anderson/Bishop (Anderson), which sought approval to divide its part of the tract into three lots. On January 19, 1999, Anderson filed an application with the Wheatland for an "abbreviated method of replatting land within a part of an improved and platted subdivision in accordance with Ordinance No. 670 of the ordinances of the Town of Wheatland." Ordinance No. 670 provides for an abbreviated method of resubdividing previously subdivided land as long as the subdivision contains tracts or parcels that can be

split into three or fewer parcels. State statute defines subdivision as the division of a tract or parcel of land into three (3) or more parts for immediate or future sale or building development. Wyo. Stat. Ann. § 15-1-501(a)(iii) (LexisNexis 2001).

[¶ 5] Anderson does not own all of Tract G; 1.110 acres is owned by Pine Lawn Investment Company (Pine Lawn) and was not part of the application. Ahearn is an owner of Pine Lawn and holds a mortgage on the 1.110 acres owned by it.

[¶ 6] On February 8, 1999, the town council held a public hearing on Anderson's application, and Ahearn objected to its approval. The town council voted unanimously to preliminarily approve the application and to consider final approval at a special meeting on February 24, 1999. Ahearn appeared at that meeting also and voiced his objections. Final approval was unanimously given at that meeting.

[¶ 7] Ahearn filed a complaint for declaratory judgment in district court in February 26, 1999. Ahearn alleged that the town council had violated Ordinance No. 670 by preliminarily approving the application at its February 8, 1999, meeting in violation of the notification requirements; had violated Wyo. Stat. Ann. § 34-12-103 and the Wheatland Development Code by approving an application that did not include the signatures of all property owners in Tract G; had violated the Wheatland Development Code by failing to obtain review of the Wheatland Planning Commission; and had violated Ordinance No. 670 and Wyo. Stat. Ann. §§ 15-1-602 and 15-1-203 and the Wheatland Development Code by failing to give proper notice to all adjacent property owners. The complaint requested that the court declare Ordinance No. 670 void because it conflicts with Wyoming statutes and is vague, and declare the town council's approval void for all the violations alleged; it also sought damages and attorney fees.

[¶ 8] Wheatland filed a motion to dismiss, and the claim for damages was dismissed for failure to comply with Wyo. Stat. Ann. § 1-39-113.[1] Wheatland then filed an answer,

---

1. Wyo. Stat. Ann. § 1-39-113 (LexisNexis 2001) provides in part:

and the district court heard argument on the parties' motions for summary judgment. Summary judgment was granted to appellees, and this appeal followed.

## DISCUSSION

### Standard of Review

[¶ 9]   When this Court reviews a summary judgment granted in a declaratory judgment action, we invoke our usual standard for review of summary judgments. *Fontaine v. Board of County Comm'rs of Park County*, 4 P.3d 890, 892 (Wyo.2000). Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. *Mountain Cement Co. v. Johnson*, 884 P.2d 30, 32 (Wyo.1994); W.R.C.P. 56(c). We review a summary judgment in the ·same light as the district court, using the same materials and following the same standards. "We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record." *Four Nines Gold, Inc. v. 71 Constr., Inc.*, 809 P.2d 236, 238 (Wyo.1991). Summary judgment serves the purpose of eliminating formal trials where only questions of law are involved. *Blagrove v. JB Mechanical, Inc.*, 934 P.2d 1273, 1275 (Wyo.1997); *England v. Simmons*, 728 P.2d 1137, 1141 (Wyo.1986). We review a grant of summary judgment by deciding a question of law de novo and afford no deference to the district court's ruling on that question. *Sammons v. American Auto. Ass'n*, 912 P.2d 1103, 1105 (Wyo.1996); *Blagrove*, 934 P.2d at 1275.

### Subdivision Controls

[¶ 10]   The Town of Wheatland is a municipal corporation. In Wyoming, municipal corporations are creatures of the legislature and thereby subject to statutory control. *Coulter v. City of Rawlins*, 662 P.2d 888, 894 (Wyo.1983). Wyoming statutes prohibit selling lots in a town unless a plat is approved by the governing body and filed and recorded. Wyo. Stat. Ann. §§ 15–1–415, 510, 511 (LexisNexis 2001);[2] Wyo. Stat. Ann. §§ 34–

---

(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission. . . .

2.  § 15–1–415. Additions to cities or towns by subdividing landowners; plat requirements; filing and effect thereof; controlling layout of streets.

(a) The owner of any land within or contiguous to any city or town may subdivide the land into lots, blocks, streets, avenues and alleys and other grounds under the name of . . . . addition to the city (town) of. . . . An accurate map or plat shall be made designating the subdivided land and particularly describing the lots, blocks, streets, avenues and alleys and other grounds of the addition. The lots must be designated by numbers, and the streets, avenues and other grounds by name or numbers.

(b) The plat shall:

(i) Be acknowledged before some officer authorized to acknowledge deeds;

(ii) Have appended a survey made by a land surveyor registered under the laws of this state with a certificate that he has accurately surveyed the addition, and that the parts thereof are accurately staked off and marked with an appropriate metal monument including magnetic iron, inscribed at least with the registration number of the land surveyor to provide source identification, at all lot corners and survey control points of the addition.

(c) When the map or plat is made out, acknowledged, certified and approved by the governing body, it shall be filed and recorded in the office of the county clerk. When filed it is equivalent to a deed in fee simple to the city or town from the owner, of all streets, avenues, alleys, public squares, parks and commons and of that portion of the land set apart for public and city use, or dedicated to charitable, religious or educational purposes. All additions thus laid out are a part of the city or town for all purposes, and the inhabitants of the addition are entitled to all the rights and privileges and subject to all the laws, ordinances, rules and regulations of the city or town.

(d) The governing body, by ordinance, may compel the owner of any addition to lay out streets, avenues and alleys to correspond in width and direction and be continuations of the streets, ways and alleys in the city or town or other additions thereto. No addition is valid unless the terms and conditions of the ordinance are complied with and the plat submitted and approved by the governing body.

§ 15–1–510. Major street plan; subdivision plats; approval required; preparation and adoption of governing regulations.

(a) If any commission adopts a major street plan and certifies it to the governing body, no plat of a subdivision of land lying within the municipality may be filed or recorded in the

12–102, 103, and 115 (LexisNexis 2001). In addition to this mandate, Wyoming statutes provide several methods for the control of land use within a community. Enabling legislation authorizing annexation, zoning, and comprehensive planning is contained in various articles to Title 15, Chapter One. Wyo. Stat. Ann. §§ 15–1–401 through 422 (Lexis-Nexis 2001) (annexation); Wyo. Stat. Ann. §§ 15–1–501 through 512 (LexisNexis 2001) (planning); Wyo. Stat. Ann. §§ 15–1–601 through 611 (LexisNexis 2001) (zoning). By this enabling legislation, cities and towns are authorized to enact ordinances and regulations governing planning, subdivisions and zoning. Generally, zoning ordinances provide control over land use within a neighborhood and are part of a comprehensive plan for community development. Wyo. Stat. Ann. §§ 15–1–501 through 511 (LexisNexis 2001); *see Ford v. Board of County Comm'rs of Converse County*, 924 P.2d 91, 94–95 (Wyo.1996).

[¶ 11] Under the comprehensive planning statutes, a city or town develops a master plan for the future growth and development of the city by planning for new streets and

office of the county clerk until it has been submitted to and approved by the governing body and its approval entered in writing on the plat by the clerk of the governing body. No county clerk may file or record a plat of a subdivision without approval by the governing body and any unapproved filing or recording is void.

(b) The commission shall prepare regulations governing the subdivision of land within the municipality. The governing body may adopt the regulations for the municipality after a public hearing thereon.

§ 15–1–511. Major street plan; subdivision plats; when penalty for not preparing; exception; enforcement.

Subject to appropriate eminent domain proceedings, if anyone transfers or sells any land located within any area for which a major street plan has been adopted by the commission and the governing body, except for land located in a recorded subdivision, without first preparing a subdivision plat and having it approved by the commission and governing body and recorded in the office of the county clerk, he shall pay a penalty of one hundred dollars ($100.00) for each lot transferred or sold. The description by metes and bounds in the instrument of transfer or other document used in the process of selling or transferring does not exempt the transaction from such penalties. The municipality may enjoin the transfer or sale or may recover the penalty by civil action.

the platting of new neighborhoods in order to minimize the financial loss that may result from imperfect planning. Wyo. Stat. Ann. §§ 15–1–503, 15–1–601(d) [3]; *Ford*, 924 P.2d at 94–95; 4 Kenneth H. Young, *Anderson's American Law of Zoning* § 25.03, at 284 (4th ed.1997).

[¶ 12] In Wheatland, the collection of ordinances governing planning and zoning is called the Wheatland Development Code. Wheatland has a planning commission to review applications for new subdivisions. Although the Code is missing from the record, it appears that the planning commission makes recommendations to the town council, which approves or rejects the recommendation.

[¶ 13] In 1998 Wheatland enacted Ordinance·No. 670, which states the following as its title and purpose:

**AN ORDINANCE PROVIDING FOR AN ABBREVIATED METHOD OF REP-LATING (sic) LAND WITHIN A PART OF AN APPROVED AND PLATTED SUBDIVISION.**

**3.** (d) All regulations shall be made:

(i) In accordance with a comprehensive plan and designed to:
(A) Lessen congestion in the streets;
(B) Secure safety from fire, panic and other dangers;
(C) Promote health and general welfare;
(D) Provide adequate light and air;
(E) Prevent the overcrowding of land;
(F) Avoid undue concentration of population; and
(G) Facilitate adequate provisions for transportation, water, sewerage, schools, parks and other public requirements.

(ii) With reasonable consideration, among other things, of the character of the district and its peculiar suitability for particular uses; and

(iii) With a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the city or town;

(iv) With consideration given to the historic integrity of certain neighborhoods or districts and a view to preserving, rehabilitating and maintaining historic properties and encouraging compatible uses within the neighborhoods or districts, but no regulation made to carry out the purposes of this paragraph is valid to the extent it constitutes an unconstitutional taking without compensation.

Whereas it has come to the attention of the governing body for the Town of Wheatland that there are areas within the Town of Wheatland which have been previously subdivided, and which contain tracts of land which can be split into **three or fewer parcels; and**

Whereas, as the owners of said tracts of land desire to divide said property into **no more than three parcels,** they currently would be required to follow the subdivision ordinances under the Wheatland Town Code; and

Whereas, it may be costly to the landowner to follow said subdivision ordinances, and it would simply duplicate processes which have previously taken place.

In order to assure that only duplicative processes are eliminated the ordinance further provides that these requirements be met:

Section 1. **The governing body for the Town of Wheatland may, but is not required to, accept any previously approved documentation regarding lot size, utilities, etc., under the subdivision regulations and approve an application for a replat, if, at the minimum, the following are met:**

(a) The tract of land or parcel of land is not being divided into more than three parcels, and each parcel has at least minimum dimensions and area, less any easements, as required by the applicable zoning regulations for the Town of Wheatland.

(b) The tract of land or parcel of land lies within and is a part of an existing subdivision which has been approved by the governing body of the Town of Wheatland.

(c) The owner/developer of the parcel of land takes all necessary steps to grant unto the appropriate entity any and all easements necessary for the following:

  i. All utility service, including but not limited to water, telephone, electric and cable television.

  ii. Every parcel has frontage (minimum of 35 feet) on a dedicated public street.

  iii. All necessary fire protection facilities.

(d) The owner/developer of the parcel of land shall pay all costs in advance for the required utility extensions and fire protection facilities. It is understood that the initial costs paid in advance will be estimates, however, the owner/developer will be required to pay any amounts which are above the estimated costs, and will receive a refund if the costs are less than those estimated.

(e) The owner/developer of the parcel of land shall prepare application for the exemption setting forth all of the above facts and provide to the governing body a detailed plat of said property. The application and plat will be distributed to the Town staff, including but not limited to the building inspector, fire chief, police chief, town planner, town engineers, and town attorney for their review and comments, at least three weeks prior to the council meeting when the application is to be considered.

(f) The owner/developer of the parcel of land will be required to meet all other zoning and building requirements within the Town of Wheatland.

In its final provision, due process requirements are addressed:

(g) Property owners of record within 140 feet, excluding streets, from the parcel in question shall be sent, by certified mail, a copy of the application at least ten days prior to the council meeting when the application will be considered.

In this case, affidavits have been submitted indicating that proper, timely notices were sent to property owners of record.

■■■ [¶ 14] Ahearn contends that Ordinance No. 670 conflicts with the definition of subdivision provided in Wyo. Stat. Ann. § 15-1-501(a)(iii) and the ordinance is therefore void. Ahearn is correct that, if the ordinance conflicts with state statute, then the ordinance is void. The authority of a municipality to adopt a zoning ordinance is limited by state statute, and the general grant of power to municipalities to adopt zoning laws in the interest of public welfare does not permit the local governing bodies to override the state law and the policies supporting it. *State ex rel. Baker v. Strange,*

960 P.2d 1016, 1018 (Wyo.1998) (citing *City of Green River v. Debernardi Const. Co., Inc.,* 816 P.2d 1287, 1290–91 (Wyo.1991); *Vandehei Developers v. Public Service Comm'n of Wyoming,* 790 P.2d 1282, 1286–87 (Wyo. 1990)). *See also, River Springs Ltd. Liability Co. v. Board of County Comm'rs of Teton County,* 899 P.2d 1329, 1337 (Wyo.1995) (a county may only regulate mineral activity in such a way that it does not conflict with state regulation). The justification for this rule of law is that municipalities have no sovereignty independent from that of the state, and the only power available to them is the power that has been delegated to them by the state. *Baker,* 960 P.2d at 1018 (citing *City of Green River,* 816 P.2d at 1290; and *K N Energy, Inc. v. City of Casper,* 755 P.2d 207, 210 (Wyo.1988)). Thus, the statute takes precedence over the municipal ordinance. *Id.*

[¶ 15] Section 15–1–501(a)(iii) defines subdivision, and the entire statute provides:

(a) **For the purposes of this article:**

(i) "Commission" means the planning commission authorized by W.S. 15–1–502;

(ii) "Street" includes streets, highways, avenues, boulevards, parkways, roads, lanes, walks, alleys, viaducts, subways, tunnels, bridges, public easements and rights-of-way and other ways;

(iii) "Subdivision" means the division of a tract or parcel of land into three (3) or more parts for immediate or future sale or building development.

(emphasis added). Ahearn contends that, under this statutory definition, the town council has approved a new subdivision without following those procedures governing a new subdivision. The town council approved a resubdivision, and generally that action does fall under the definition of a subdivision unless the statute provides otherwise. *See Wilkerson v. Marks,* 24 Ariz.App. 316, 538 P.2d 403, 405 (Ariz.975); *Leeward Realty Holding Corp. v. Zoning Board of Review of the Town of Westerly, et al.,* 1997 WL 1526513, at *3 (R.I.Super., May 12, 1997); *Young, supra,* § 25.02, at 282. By this definition, we agree that the statute intends that any division of land that falls under the definition must be treated as a subdivision.

Wheatland did treat Anderson's proposal as a subdivision. State statute does not provide further governing law regarding the process to be followed in creating a subdivision; that law is provided by Wheatland's municipal ordinances. In this case, the only applicable law is Ordinance No. 670 which provides for an abbreviated procedure for a resubdivision that has already been subjected to those procedures applicable to a new subdivision. Wheatland has acted on the proposed resubdivision in accordance with the only law governing it, Ordinance No. 670, and we find that ordinance did not omit any procedures, but merely allowed a resubdivision to occur without duplicating procedures. No state statute prohibits this, and no conflict exists.

[¶ 16] Ahearn contends that resubdivision violates the Wheatland Development Code's provision that states that "repetitive division of parcels into two lots for the purpose of avoiding compliance with (subdivision requirements) is illegal and in conflict with the intent of this chapter." That Code is not part of the record. Ahearn's citation to the record is to the district court's decision letter which states:

The Development Code goes [on to] require that subdivisions (division of tracts into 3 or more parts) be reviewed by a planning commission.... However, the Code specifically permits the Town Council to waive requirements that subdivision procedures be redone in the circumstances addressed in Ordinance No. 670.... The Court finds that the Wheatland Development Code specifically authorizes Ordinance No. 670 rather than conflicts with it.

A governing body must comply with those requirements established by law. *Hoke v. Moyer,* 865 P.2d 624, 631 (Wyo.1993); *Ford,* 924 P.2d at 95; Wyo. Stat. Ann. § 15–1–510 (LexisNexis 2001). Here, the subdivision ordinance was the applicable law, and we agree with the district court that state statute does not prohibit the abbreviated method used in Ordinance No. 670 and that the town council has complied with it. Accordingly, Ordinance No. 670 does not conflict with the state statutory definition of subdivision.

[¶ 17] Ahearn next contends that Wyo. Stat. Ann. §§ 34–12–102 and 103 have been violated. As we have already stated, the statutes of this article require that all lots must be platted and recorded and approved by governing bodies of a city or town. Ahearn points to § 102's language establishing a covenant of warranty and § 103's language "with the free consent, and in accordance with the desires of the undersigned owners and proprietors" to argue that these statutes were violated because he, as an owner of a part of Tract G, did not consent to the subdivision of Anderson/Bishop's part of Tract G. These specific provisions state:

> Every original owner or proprietor of any tract or parcel of land, who has heretofore subdivided, or **shall hereafter subdivide the same into three (3) or more parts** for the purpose of laying out any town or city, or any addition thereto, or any part thereof, or suburban lots, shall cause a plat of such subdivision, with references to known or permanent monuments, to be made, which shall accurately describe all the subdivisions of such tract or parcel of land, numbering the same by progressive numbers, and giving the dimensions, and length and breadth thereof, and the breadth and courses of all the streets and alleys established therein. Descriptions of lots or parcels of land in such subdivisions, according to the number and designation thereof, on said plat contained, in conveyances, or for the purposes of taxation, shall be deemed good and valid for all intents and purposes. **The duty to file for record a plat, as provided herein [§§ 34–12–101 through 34–12–104, 34–12–106 through 34–12–115], shall attach as a covenant of warranty, in all conveyances of any part or parcel of such subdivisions by the original owners or proprietors,** against any and all assessments, costs and damages, paid, lost or incurred by any grantee, or person claiming under him, in consequence of the omission on the part of said owner or proprietors to file such plat.

Wyo. Stat. Ann. § 34–12–102 (LexisNexis 2001) (emphasis added).

> Every such plat shall contain a statement to the effect that **"the above or foregoing subdivision of (here insert a correct description of the land or parcel subdivided) as appears on this plat, is with the free consent, and in accordance with the desires of the undersigned owners and proprietors"**, which shall be **signed by the owners and proprietors,** and shall be duly acknowledged before some officer authorized to take the acknowledgement of deeds. The plat shall meet the approval of the board of county commissioners if it is of land situated without the boundaries of any city or town or by the governing body of the city or town if situated within the boundaries of such city or town. When thus executed, acknowledged and approved, said plat shall be filed for record and recorded in the office of the clerk of the proper county; provided, however, that any such plat of land adjacent to any incorporated city or town, or within one (1) mile of the boundaries of any such city or town, shall be jointly approved by both the board of county commissioners of said county and the governing body of said city or town before same shall be filed and recorded in the office of the county clerk as aforesaid.

Wyo. Stat. Ann. § 34–12–103 (LexisNexis 2001) (emphasis added).

[¶ 18] Ahearn argues that this statutory language applies to him as an original owner of Tract G. He does not provide any argument or authority to support this interpretation. Statutory interpretation, however, presents a question of law, and we will therefore address his argument. *Parker Land and Cattle Co. v. Wyo. Game and Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993). Our rules of statutory interpretation are well-established:

> We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute, we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute

as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia. If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.

*Wesaw v. Quality Maintenance,* 2001 WY 17, ¶ 13, 19 P.3d 500, ¶ 13 (Wyo.2001).

[¶ 19] Statutory language is clear if reasonable persons are able to agree to its meaning with consistence and predictability. *Parker,* 845 P.2d at 1043. In *Parker* we stated:

> We read the text of the statute and pay attention to its internal structure and the functional relation between the parts and the whole. We make the determination as to meaning, that is, whether the statute's meaning is subject to varying interpretations. If we determine that the meaning is not subject to varying interpretations, that may end the exercise, although we may resort to extrinsic aids of interpretation, such as legislative history if available and rules of construction, to confirm the determination.

*Id.* at 1045.

[¶ 20] Our primary purpose is to ascertain the legislative intent. *Id.* The plain language of § 102 does not apply to Ahearn as an owner of part of Tract G. Plainly, the phrase "[e]very **original owner or proprietor of any tract or parcel of land, who** has heretofore subdivided, or **shall hereafter subdivide the same into three (3) or more parts** for the purpose of laying out any town or city, or any addition thereto, or any part thereof, or suburban lots, shall cause a plat of such subdivision" applied to the original owners of the land subdivided to create Tract G, not to Ahearn, a subsequent owner of a part of Tract G.

[¶ 21] Although the tract to be subdivided is within Tract G, Ahearn's portion of tract G was not to be resubdivided. The statutory language states procedures that apply to the owner of the parcel to be subdivided which, in this case, is Anderson. This statute does not apply to Ahearn as an owner adjacent to Anderson's parcel and gives Ahearn no rights under it. Accordingly, § 103's language is to be read as referring only to the parcel to be resubdivided, which would not include Ahearn's parcel, and again, although he is an owner of a parcel in the subdivision, Ahearn is not an owner of the parcel to be resubdivided, and the language mandating a signature affirming free consent does not apply to him.

[¶ 22] Other statutes in Title 34, Chapter Twelve, govern vacating of a plat. Wyo. Stat. Ann. §§ 34–12–106, 108 (LexisNexis 2001).[4] We shall consider whether these statutes apply. We have previously decided that this set of statutes in its various forms was enacted to ensure a dedication was complete when a subdivision plat was prepared in conformity with the details specified and when the plat was recorded in the office of the county clerk. *Prudential Trust Co. v. City of Laramie,* 492 P.2d 971, 972 (Wyo. 1972). In *Tissino v. Mavrakis,* 67 Wyo. 560, 228 P.2d 106 (1951), we held that the language of the statute requiring the platting of a subdivision, and the sale of lots in accor-

---

4. § 34–12–106. Vacation; generally.

Any such plat may be vacated by the proprietors thereof at any time before the sale of any lots therein, by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated, and the execution and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, commons and public grounds laid out or described in such plat, and in case where any lots have been sold, the plat may be vacated as herein provided, by all the owners of lots in such plat joining in the execution of the writing aforesaid. No plat or portion thereof within the corporate limits of a city or town shall be vacated as herein provided without the approval of the city or town.

§ 34–12–108. Vacation; partial vacation; when permitted.

Any part of a plat may be vacated under the provisions, and subject to the conditions of this act [§§ 34–12–101 through 34–12–104, 34–12–106 through 34–12–115]; provided, such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and provided, further, that nothing contained in this section shall authorize the closing or obstruction of any public highways laid out according to law.

dance therewith, constituted a public dedication of the streets which are shown upon the plat. A dedication of land affected by platting and sale of lots would operate by way of grant and without the necessity of acceptance by the public. *Id.* at 115. We also held that the platting and recording of a subdivision in accordance with the statutes resulted in the county or city acquiring fee title to all streets and ways set out therein. *Id.* We modified the *Tissino* holding in two later cases. *Ruby Drilling Co., Inc. v. Billingsly,* 660 P.2d 377, 380 (Wyo.1983) (discussing *Gay Johnson's Wyoming Automotive Service Co. v. City of Cheyenne,* 367 P.2d 787 (Wyo.1961), and *Payne v. City of Laramie,* 398 P.2d 557 (Wyo.1965)).

[¶ 23] We see then that the primary intent of this statutory article is to provide for the platting and dedication of public streets, and the vacating of the plat and dedication. In addition, other dedications such as utility easements, access easements, parks or other public uses on a plat are likewise subject to this article. The replat at issue here resulted in Anderson's submitting a new plat for his parcel, and no modification or vacating of dedicated streets, or any other dedication, was apparently involved which would have deprived Ahearn of the access, or any other right, he is entitled to under the original plat. Plainly, the resubdivision involved here was not a proceeding intended to vacate or partially vacate a plat. Even assuming the filing of the new plat resubdividing the lot in question constituted a vacation of the original plat, it could only be considered a partial vacation, and Ahearn made no showing that any of his rights or privileges were "abridged or destroyed" so no violation of the statutes could have occurred.

[¶ 24] As part of his last issue, Ahearn expresses concern that Ordinance No. 670 is arbitrary and capricious because it does not state "guidelines or assurances that can be relied upon by an applicant," when it states that it is enacted because "it may be costly to the landowner to follow said ordinances. ...." Ahearn contends that the word "costly" is not interpreted in the ordinance. Although he provides us with two examples of the possible meaning of costly,

we fail to see any relevance to the issues that he has presented or to the facts presented here. We, therefore, assume that he is asserting that the ordinance is void for vagueness. The sentence is part of the preamble to the ordinance describing the purpose of the ordinance. The ordinance does not require that a landowner prove that the regular subdivision procedures are too costly to follow and so it does not matter that this term used in the purpose has not been defined.

[¶ 25] Lastly, Ahearn contends that another person who was not a party in this action was an owner entitled to notice under Ordinance No. 670 and was not provided any as required. Ahearn presented this issue to the district court which found that the other party held only a sheriff's certificate of sale and not a sheriff's deed. Finding that the notification requirements applied to property owners of record, the district court determined that the sheriff's deed, not the certificate of sale, transfers ownership and the absence of the deed precludes a finding that the other person is a property owner of record. The district court also ruled that Ahearn had not demonstrated that he had standing to raise this issue on behalf of this other person. On appeal, Ahearn repeats his argument.

[¶ 26] Assuming that Ahearn does have standing as an adjacent landowner to object to an application that has not complied with all of the ordinance's requirements, Ahearn contends that under the town code's definition any form of recorded ownership is entitled to notice. *See Hoke,* 865 P.2d at 628. The definition he relies upon was quoted by the district court in its decision letter which states:

Section 1–5 of the Wheatland Town Code defines owner as follows:

*Owner.* The word "owner" when applied to a building or land, shall include not only the owner of the whole but also any part owner, joint owner, tenant in common or joint tenant of the whole or a part of such building or land and shall include any agent of such owner, and where such owner is a body corporate, it shall include the managing agent or officer within the town.

Ahearn argues that this definition should be construed broadly to include a person in possession of a sheriff's certificate of sale. We disagree that this definition applies. If it satisfies due process, the law governing notice applies. *Id.* at 631. Here, notice is mandated by Ordinance No. 670 which directs written notice be given to the "property owner of record." The certificate of purchase which is presented to the successful bidder at the foreclosure sale is only a lien against, or an equitable interest in, the property. The legal title to the property remains with the owner, and a certificate of sale does not extinguish the title and interest of the owner. *First Southwestern Financial Services v. Laird*, 882 P.2d 1211, 1216 (Wyo. 1994). Accordingly, the term "property owner of record" must be interpreted as the owner who has the recorded deed. Wheatland has provided affidavits that the property owner of record was Ahearn, who received notice, attending hearings, and voiced objections. We find no violation.

### CONCLUSION

[¶ 27] Ordinance No. 670 does not conflict with state statutes, and its procedures were properly followed. The order granting summary judgment to the Town of Wheatland is affirmed.