BURKE, Chief Justice.
[¶1] Mackay Investments, LLC, filed a declaratory judgment against the Board of County Commissioners of Teton County, Wyoming, challenging the Teton County Land Development Regulation prohibiting fractional ownership of campgrounds. The district court granted summary judgment in Mackay's favor, ruling that the regulation was unenforceable because it was beyond the County's zoning authority. The Board appealed. We affirm.
ISSUE
[¶2] Does the Teton County Land Development Regulation prohibiting fractional ownership of campgrounds exceed the County's zoning authority?
FACTS
[¶3] The pertinent facts in this case are undisputed. Mackay owned and operated two campgrounds in Teton County, JH Fireside Resort and Buffalo Valley Fireside Resort. Long-term camping is prohibited at both campgrounds. Pursuant to a settlement agreement between Mackay and Teton County,[1] "no person shall stay at the [JH Fireside Resort] for a period of longer than twenty- *1122 nine (29) consecutive days in any sixty (60) day period." Under the terms of a conditional use permit for Buffalo Valley,[2] the length of stay there is limited to "less than 30 days in any 90 day period." These limitations are generally consistent with Teton County Land Development Regulation § 6.1.5.D.2.d, which limits campsite occupancy to "less than 31 days in any 90-day period."
[¶4] In 2015, Mackay transferred undivided tenant in common fee ownership interests in JH Fireside Resort to twenty-one separate entities (FS JH 1 LLC through FS JH 21 LLC). Mackay retained an undivided tenant in common fee ownership interest in the campground. As a result, the JH Fireside Resort is now owned by twenty-two separate entities, each as a tenant in common with an undivided interest in the whole. After a similar transaction, Buffalo Valley Fireside Resort is also owned by twenty-two separate entities (Mackay and FS BV 1 LLC through FS BV 21 LLC) as undivided tenants in common.
[¶5] All campground owners are subject to Tenancy in Common Agreements, which assign each tenant in common access to several campsites. Each owner may choose to camp at one of its assigned campsites and rent out the rest. In the alternative, an owner may choose not to use any of its assigned spaces, and instead collect rental income for all of the spaces from other campers. The Agreements acknowledge that, pursuant to the settlement agreement and conditional use permit discussed above, there are limitations on the length of occupancy of any campsite by any one camper.
[¶6] In 2016, Teton County sent a Notice of Violation to Mackay,[3] asserting that tenant in common ownership of the campgrounds violates a section of the Teton County Land Development Regulations that prohibits fractional ownership of campgrounds. The County asserted that tenant in common ownership is a prohibited type of fractional ownership. The County warned that if tenant in common interests in the campgrounds were sold to new owners, the County would take additional enforcement action, potentially including monetary penalties.
[¶7] In response, Mackay filed a declaratory judgment action in the district court seeking a determination that the Land Development Regulation in question exceeded Teton County's regulatory authority and was unenforceable. Teton County answered, asking for a ruling that the regulation was within the County's authority. Mackay filed a motion for summary judgment. The parties agreed that there were no disputed issues of material fact, and asked the district court to decide the case as a matter of law. The district court granted summary judgment in favor of Mackay. This appeal followed.
STANDARD OF REVIEW
[¶8] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Because summary judgment involves a purely legal determination, we undertake de novo review of a trial court's summary judgment decision. Fugle v. Sublette Cty. Sch. Dist. # 9 , 2015 WY 98, ¶ 5, 353 P.3d 732, 734 (Wyo. 2015).
DISCUSSION
[¶9] Section 6.1.5.D.2.f of the Teton County Land Development Regulations provides as follows: "Each of the campsites located at a campground shall be owned by the same entity that owns the campground. No fractional ownership, timeshares or membership of campsites is permitted." The County asserts that the tenant in common ownership of JH Fireside Resort and Buffalo Valley Fireside Resort violates this regulation. Mackay does not seriously dispute the violation, but contends that the regulation is illegal and unenforceable.
*1123 [¶10] As we previously recognized, "Zoning is the process that a community employs to legally control the use which may be made of property and the physical configuration of development upon the tracts of land located within its jurisdiction." Ford v. Board of County Comm'rs , 924 P.2d 91, 94 (Wyo. 1996) (emphasis added). The County's general zoning authority is set forth in Wyo. Stat. Ann. § 18-5-201 (LexisNexis 2015), which provides:
To promote the public health, safety, morals and general welfare of the county, each board of county commissioners may regulate and restrict ... the use, condition of use or occupancy of lands for residence, recreation, agriculture, industry, commerce, public use and other purposes in the unincorporated area of the county.
As indicated by the statutory text, a county may regulate the "use" and "occupancy" of lands. The statute does not authorize a county to regulate the ownership of lands and, as we have recognized, "counties 'have no sovereignty independent from that of the state, and the only power available to them is the power that has been delegated to them by the state.' " Seherr-Thoss v. Teton County Bd. of County Comm'rs , 2014 WY 82, ¶ 24, 329 P.3d 936, 946 (Wyo. 2014) (quoting Ahearn v. Town of Wheatland , 2002 WY 12, ¶ 14, 39 P.3d 409, 415 (Wyo. 2002) ). Accordingly, a county's zoning authority does not include the right to regulate land ownership absent a showing that a change in ownership will result in a change in use. See 1 Rathkopf's The Law of Zoning and Planning § 2:16 (4th ed. 2017) ; FGL & L Prop. Corp. v. City of Rye , 109 A.D.2d 814, 815, 486 N.Y.S.2d 333 (App. Div. 1985) ("As a fundamental principle, zoning is concerned with the use of the land, and not with the person who owns or occupies it.").
[¶11] The parties differ sharply on the question of whether the regulation at issue regulates land use or only land ownership. The County asserts that the regulation "is directly related to the use ... of the lands encompassing the campground." (Emphasis in original.) Mackay counters that the "County has utterly failed to show how a transfer of an ownership interest in the Campgrounds would affect use or occupancy of land."
[¶12] In support of its position, the County points out that tourism is its primary industry, and many visitors come to the County "traveling by passenger vehicles and hoping to camp in a tent or travel[ing] by recreational vehicle and hoping to find a spot to park." Teton County endeavors to regulate campgrounds to ensure that camping spaces are available to these visitors. Accordingly, the County aims for "increased turnover of campsites, so as many people as possible can camp in Teton County." On that basis, the County claims that the disputed regulation is a valid exercise of its zoning authority, and urges us to reverse the district court's ruling.
[¶13] When we review the plain language of the regulation prohibiting fractional ownership, however, we find nothing that regulates turnover at the campgrounds. The new tenant in common owners are subject to exactly the same time limitations on camp site occupancy as Mackay was before the transactions. Pursuant to the Tenancy in Common Agreements, the new owners remain bound by the settlement agreement provision that "no person shall stay at the [JH Fireside Resort] for a period of longer than twenty-nine (29) consecutive days in any sixty (60) day period." Similarly, at Buffalo Valley, the length of stay is limited to "less than 30 days in any 90 day period." Teton County's regulation prohibiting fractional ownership does not alter the length of occupancy, and does not affect the rate of turnover at the two campgrounds. Accordingly, we agree with Mackay that the regulation does not control the use of the campsites.
[¶14] However, the County also emphasizes that its campground regulations are meant to ensure that campers who bring their own tents or recreational vehicles will be able to find places to camp. According to the County, the new tenant in common owners could decide to locate tents or park recreational vehicles permanently on their assigned campsites. This, the County asserts, would frustrate visitors who want to bring and use their own camping equipment.
[¶15] The flaw in the County's position is that the regulation prohibiting fractional ownership has no effect on an owner's decision *1124 to place tents or recreational vehicles permanently on their campsites. To the extent the regulations prohibit permanently-placed tents or recreational vehicles,[4] this restriction applies to the new tenant in common owners just as it previously applied to Mackay. Again, the regulation prohibiting fractional ownership has no impact on the use of the land for permanently-installed tents or recreational vehicles. It controls only the ownership of the land, not its use.
[¶16] In sum, we agree with Mackay that the regulation prohibiting fractional ownership does not regulate the use of the land, only its ownership. It is, therefore, beyond the County's zoning authority and unenforceable. We affirm the district court's grant of summary judgment in Mackay's favor.

This settlement agreement was entered into in 2012 to resolve a dispute between Mackay and the County concerning what permits or other authorities Mackay was required to obtain in order to continue using the JH Fireside Resort as a campground.

The County issued the conditional use permit to Mackay in 2013 in response to Mackay's application to increase the number of recreational park trailers located at the campground.

The Notice of Violation was also issued to include the other tenant in common owners, FS JH 1 LLC through FS JH 21 LLC, and FS BV 1 LLC through FS BV 21 LLC. For simplicity of reference, we use "Mackay" to refer collectively to all of the tenant in common owners.

The parties did not address the extent of such a limitation. Teton County refers to a regulation that, it claims, prohibits "cabins, wall tents with permanent platforms, and any other camping unit owned by the owner or operator of the campground." The regulation referred to, apparently Teton County Land Development Regulation § 6.1.5.D.2.a, does not explicitly prohibit cabins, wall tents, or other camping units owned by the campground owner. Instead, it allows permanent structures such as a management office, a small grocery store, sanitary facilities, and "other amenities." Mackay asserts that, prior to 2016, the Teton County Land Development Regulations "had no requirement that camping implements be brought to a campground."