Vince **FORD**, Appellant (Plaintiff),

v.

**BOARD OF COUNTY COMMISSIONERS OF CONVERSE COUNTY, Appellee (Defendant).**

No. 96–50.

Supreme Court of Wyoming.

Sept. 24, 1996.

Eric M. Alden, Wheatland, for Appellant (Plaintiff).

James A. Hardee, Douglas, for Appellee (Defendant).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Vince Ford appeals from the judgment entered against him which upheld the validity of Converse County's development regulations.

We reverse.

## ISSUES

Ford presents the following issues for our review:

    I.  May counties lawfully restrict development on unzoned land?

    II.  Do the Converse County Development Regulations constitute a zoning resolution as authorized by W.S. § 18–5–201 through 207?

    III.  Do the Converse County Development Regulations violate Article 1 Section 7 of the Wyoming Constitution?

## FACTS

Although Appellee Board of County Commissioners of Converse County had adopted a land use plan, it had not adopted any zoning resolutions. Instead, the board of county commissioners utilized the development regulations which were included in the Converse County Subdivision, Development and Flood Damage Prevention Regulations. The regulations provided that a landowner who desired to develop property within the county had to obtain a development permit. The county planner, however, was not authorized to grant a development permit when the desired use of the property was not in compliance with the land use plan. In that

instance, the applicant had to apply to the board of county commissioners for a variance from the land use plan.

Ford was the equitable owner of a parcel of land located in an area of Converse County which was designated by the land use plan as being rural residential. Ford applied for a development permit so that he could operate a fireworks stand on his property. The county planner informed Ford that his application lacked certain information and that a fee had to accompany the application. Ford did not pursue the application. Instead, he began operating a fireworks stand on the property even though he did not have a permit to do so. The board of county commissioners asserted that the regulations prohibited Ford from commercially using his land without obtaining a permit or a variance and initiated an action for a temporary restraining order. Ford filed a declaratory judgment action, seeking to have the regulations declared invalid insofar as they purported to limit his ability to use the land commercially. The district court found in favor of the board of county commissioners, upholding the validity of the regulations. Ford appeals to this Court.

## STANDARD OF REVIEW

Wyo. Stat. § 1–37–103 (1988) provides:

**§ 1–37–103. Right of interested party to have determination made.**

Any person … whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

"Final orders and judgments entered in declaratory judgment proceedings may be reviewed as in other civil actions." Wyo. Stat. § 1–37–109 (1988).

The board of county commissioners argues that Ford had to exhaust his administrative remedies before he could bring this action in the district court. We disagree. Ford was not required to exhaust his administrative

remedies because he was challenging the validity of the regulations.

■ Although a " '[d]eclaratory judgment should not be used to usurp or replace specific administrative relief, particularly when the initial decision is committed to an administrative body,' " *Union Pacific Resources Company v. State,* 839 P.2d 356, 365 (Wyo.1992) (quoting *City of Cheyenne v. Sims,* 521 P.2d 1347, 1350 (Wyo.1974)), a declaratory judgment action is generally available when the party who is bringing the action asserts issues which only the courts have the authority to decide; i.e., the validity and constitutionality of administrative rules. *Rocky Mountain Oil and Gas Association v. State,* 645 P.2d 1163, 1168 (Wyo.1982); *see also* 2 Am.Jur.2d *Administrative Law* §§ 232, 512 (1994); *Union Pacific Resources Company,* 839 P.2d at 366; *BHP Petroleum Company, Inc. v. State, Wyoming Tax Commission,* 766 P.2d 1162, 1165 (Wyo.1989); Bernard Schwartz, Administrative Law § 8.37 (2d ed. 1984); 6 Patrick J. Rohan, Zoning and Land Use Controls § 36.05 (1990).

In *Rocky Mountain Oil and Gas Association,* we said:

[W]here the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the action should not be entertained. If, however, such desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based, the action should be entertained.

645 P.2d at 1168.

## DISCUSSION

Ford asserts that, since the board of county commissioners had not enacted any zoning resolutions, it could not prohibit the commercial use of unsubdivided land located within that county. The board of county commissioners counters that the Wyoming statutes do not require counties to enact zoning reso-

lutions, claiming that counties are only required to enact land use regulation schemes.

WYO. STAT. § 18–5–102 (1996) provides:

**§ 18–5–102. Powers of county commissioners.**

Each board of county commissioners may provide for the physical development of the unincorporated territory within the county by zoning all or any part of the unincorporated territory.

WYO. STAT. § 18–5–201 (1996) provides:

**§ 18–5–201. Authority vested in board of county commissioners; inapplicability of chapter to incorporated cities and towns and mineral resources.**

To promote the public health, safety, morals and general welfare of the county, each board of county commissioners may regulate and restrict the location and use of buildings and structures and the use, condition of use or occupancy of lands for residence, recreation, agriculture, industry, commerce, public use and other purposes in the unincorporated area of the county. However, nothing in W.S. 18–5–201 through 18–5–207 shall be construed to contravene any zoning authority of any incorporated city or town and no zoning resolution or plan shall prevent any use or occupancy reasonably necessary to the extraction or production of the mineral resources in or under any lands subject thereto.

WYO. STAT. § 18–5–203 (1996) provides in pertinent part:

**§ 18–5–203. Certificate required to locate buildings or use land within zoning resolution; issuance and denial; appeal upon denial.**

It is unlawful to locate, erect, construct, reconstruct, enlarge, change, maintain or use any building or use any land within any area included in a zoning resolution without first obtaining a zoning certificate from the board of county commissioners and no zoning certificate shall be issued unless the plans for the proposed building, structure or use fully comply with the zoning regulations then in effect.

WYO. STAT. § 9–8–301 (1995) provides:

**§ 9–8–301. Development of plans.**

(a) All local governments shall develop a local land use plan within their jurisdiction. The plans shall be consistent with established state guidelines and be subject to review and approval by the commission.

(b) All incorporated cities and towns shall have the option to develop a land use plan in accordance with the requirements of W.S. 9–8–302(a), or cooperate with the county to develop such a plan under W.S. 9–8–302(b).

(c) All counties shall develop a county-wide land use plan which shall incorporate the land use plans of all incorporated cities and towns within the county.

While planning and zoning are similar concepts, the terms are not interchangeable:

**§ 9–8–102. Definitions.**

(a) As used in this act:

. . .

(vi) "Land use planning" means the process which guides the growth and development of an area and assures the best and wisest use of that area's resources now and in the future;

. . .

(xvi) "Zoning" means a form of regulatory control granted to local governments which may be used to guide and to develop specific allowable land use[.]

WYO. STAT. § 9–8–102(a)(vi), (xvi) (1995).

■ Zoning is the process that a community employs to legally control the use which may be made of property and the physical configuration of development upon the tracts of land located within its jurisdiction. 1 PATRICK J. ROHAN, ZONING AND LAND USE CONTROLS § 1.02[1] (1991). The legislative division of the community allows only certain designated uses of land so that the community may develop in an orderly manner in accordance with a comprehensive plan. *Eves v. Zoning Board of Adjustment of Lower Gwynedd Township,* 401 Pa. 211, 164 A.2d 7, 9 (1960).

■ Planning is the establishment of an overall concept for the future physical development of the total area and services of the community. 1 ROHAN, *supra,* at § 1.02[3].

Planning, therefore, is more than a suggested pattern of land use; it involves the planning of all the usual public improvements and services which go into making up the community. *Id.*

A comprehensive plan should not be confused with, or used as a substitute for, comprehensive zoning, nor may a comprehensive plan be equated with comprehensive zoning in legal significance. *Chapman v. Montgomery County Council,* 259 Md. 641, 271 A.2d 156, 157 (1970); *see also Richter v. City of Greenwood Village,* 513 P.2d 241, 242 (Colo.Ct.App.1973) (holding that, while a comprehensive plan is helpful in guiding the harmonious development of a municipality, a city is not bound by the zoning recommendations in a master plan). A comprehensive plan is merely a policy statement which is implemented by zoning enactment. 1 E.C. YOKLEY, ZONING LAW AND PRACTICE § 5–3 at 225 (4th ed. 1978). Zoning is a part of and a product of planning because it is the medium through which the goals of the comprehensive plan are achieved. *Shelton v. City of Bellevue,* 73 Wash.2d 28, 435 P.2d 949, 953 n. 2 (1968). It is the proper zoning enactment which has the force and effect of law. 1 YOKLEY, *supra,* at 225.

" 'As an arm of the state, the county has only those powers expressly granted by the constitution or statutory law or reasonably implied from powers granted.' " *Board of County Commissioners of Laramie County v. Dunnegan,* 884 P.2d 35, 40 (Wyo. 1994) (quoting *Dunnegan v. Laramie County Commissioners,* 852 P.2d 1138, 1142 (Wyo. 1993)). Counties have been statutorily granted the authority to regulate the use of their lands. WYO. STAT. §§ 18–5–201 to –207 (1996). We have found that the authority granted in § 18–5–201 gives counties broad power to regulate their lands. *Snake River Venture v. Board of County Commissioners of Teton County,* 616 P.2d 744, 752 (Wyo. 1980). The authority is, however, for zoning:

> Specifically, the boards were empowered to create planning and zoning commissions which would develop comprehensive plans outlining the counties' *zoning* restrictions. From these plans, zoning resolutions would be drawn which were to provide details

describing the *zoning* restrictions and the procedure necessary to effectuate any zoning changes.

*Croxton v. Board of County Commissioners of Natrona County,* 644 P.2d 780, 783 (Wyo. 1982) (emphasis added) (referring to §§ 18–5–201 to –207). "Counties should have, and do have, broad authority to require compliance with *zoning* provisions in their efforts to promote orderly development of unincorporated areas." *River Springs Limited Liability Company v. Board of County Commissioners of County of Teton,* 899 P.2d 1329, 1334 (Wyo.1995) (emphasis added).

Once a county has adopted zoning resolutions, a landowner cannot develop or use any land within that area without obtaining a zoning certificate. Section 18–5–203. The board of county commissioners is strictly bound by the zoning regulations in issuing certificates. *Id.* If the proposed use does not comply with the regulations, the board of county commissioners cannot issue a certificate. *Id.* If it complies with the regulations, the board of county commissioners must issue the certificate. *Id.*

A comprehensive plan is generally a prerequisite for the adoption of zoning resolutions. Section 9–8–301. In this case, the board of county commissioners developed a comprehensive plan but never adopted any zoning resolutions. Since comprehensive plans lack the legal effect of zoning laws, which actually regulate land use, the county plan by itself had no regulatory authority. *Forks Township Board of Supervisors v. George Calantoni & Sons, Inc.,* 6 Pa.Cmwlth. 521, 297 A.2d 164, 166–67 (1972).

We have recognized that the zoning authority which has been granted to counties includes the power to adopt temporary freeze resolutions so that the status quo may be preserved until planning and zoning decisions can be made. *Schoeller v. Board of County Commissioners,* 568 P.2d 869, 874–75 (Wyo. 1977). In *Schoeller,* we held that the board of county commissioners could not extend such temporary freeze resolutions for a period of five years without adopting permanent zoning resolutions. 568 P.2d at 874. The regulations at issue in this case were adopted

approximately eighteen years ago and, therefore, could not constitute temporary freeze resolutions under our *Schoeller* decision.

Ford contends that the regulations violate Article I, Section 7 of the Wyoming Constitution.

> [W]here a constitutional question is raised, if the record also presents some other and clear ground upon which the court may rest its judgment, that course will be adopted and the question of constitutional power will be left for consideration until that day when a case arises which cannot be disposed of without considering it, and when, consequently, a decision upon such question must be met head-on.

*Schoeller,* 568 P.2d at 879. We, therefore, will not address Ford's constitutional question at this time.

## CONCLUSION

The district court erred in finding that the regulations were legally sufficient to allow the board of county commissioners to regulate the use and occupancy of lands in the unzoned areas of the county.

Reversed.