Richard CROUTHAMEL, d/b/a Book-mark, Inc., a Delaware corpora-tion, Appellant (Defendant),

v.

BOARD OF ALBANY COUNTY COMMISSIONERS, Appellee (Plaintiff).

No. 97–99.

Supreme Court of Wyoming.

Jan. 27, 1998.

Eric M. Alden, Wheatland, for Appellant (Defendant).

Cal Rerucha, Albany County Attorney; Ross D. Grisham, Student Intern, Guyton O. Terry, III, Student Intern, Laramie, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Richard Crouthamel, d/b/a Bookmark, Inc. (Bookmark), appeals from the district court's order granting a preliminary injunction in favor of the Board of Albany County Commissioners (County Board) and against Bookmark. The district court enjoined Bookmark from operating a commercial business on its property in Albany County, Wyoming. The County Board's moratorium resolutions on which the district court based its preliminary injunction were void *ab initio;* therefore, we reverse.

## ISSUES

Appellant Bookmark presents the following issues for our review:

1. Does a land owner lose the protection of W.S. § 18-5-207 for a pre-existing, nonconforming use of lands from subsequent zoning regulations if his pre-existing use failed to comply with invalid regulations?

2. Does a landowner lose his status as a pre-existing nonconforming use by obeying a preliminary injunction later determined to be improvidently granted[?]

3. May a Board of County Commissioners adopt a "Schoeller" freeze resolution without the recommendation of an existing Planning and Zoning Commission?

4. May a Board of County Commissioners adopt a "Schoeller" freeze resolution which remains effective without a public hearing for over four and one half (4 1/2) months?

The County Board presents its issues in this way:

1. Whether the District Court abused its discretion in granting a preliminary injunction enforcing an emergency moratorium enjoining appellant from engaging in use of his property.

2. Whether the District Court abused its discretion in finding that the Order Vacating the Preliminary Injunction in Civil Action # 25406 does not apply retroactively and that Appellant's commercial activity is not entitled to the protection of W.S. § 18-5-207 as a preexisting, nonconforming use where such use did not conform with then-valid land use regulations.

3. Whether the District Court erred in finding that a recommendation f[ro]m the zoning authorities satisfies the *Schoeller* continuum for the adoption of a freeze resolution.

4. Whether the District Court erred in finding that proper notice was given by the County Commission in compliance with the *Schoeller* continuum.

## FACTS [1]

Sometime during 1994, Bookmark applied for a change of use permit from Albany County for its property located at 188 S. Kiowa Street, in an unincorporated area in Albany County, near Laramie. At that time, the county utilized a performance-based land use regulation system, commonly referred to as the Land Use Management System (LUMS). Albany County did not have a traditional, zoned, land use system. When Bookmark applied for a change of use permit

**1.** We have taken a large part of the background information in this statement of facts from the Brief of Appellee. The records from the proceedings which occurred before this case was instituted (Civil Action No. 25406) are not included in the transmitted record on appeal. Inexplicably, some pleadings and orders from Civil Action No. 25406 are attached to the Appellant's brief as an appendix. Both parties then refer to the appendix in an apparent attempt by both parties to persuade this Court to consider the appendix as part of the transmitted record on appeal. Wyo. R.App. P. 7.01(e)(2) requires that appellate briefs contain a statement of the relevant facts with appropriate references to documents listed in the index of the transmitted record. The orders and pleadings found in the appendix to Appellant's brief have not been designated by the parties for transmission to this Court in accordance with Wyo. R.App. P. 3.01, and were not certified by the district court in accordance with the rules. Although we recognize that the parties asked the district court to take judicial notice of the record from Civil Action No. 25406 during the preliminary hearing, the parties should have asked the district court to make portions of the record from

Civil Action No. 25406 part of the record on appeal for this case if those documents were necessary to a comprehensive statement of facts for appellate review.

Additionally, we note that the preliminary injunction and the moratorium were, by their own terms, only effective until August 2, 1997. Neither party has provided any supplementation to the transmitted record on appeal to establish that this case is not moot. The County Board assured us during oral argument that a comprehensive zoning system is in place in Albany County as of August 1, 1997, in accordance with the directive from the district court's preliminary injunction order. The status of the preliminary injunction, from which Bookmark appeals, remains unclear except for the mention, in oral argument, of an issue concerning the $5,000 bond posted by the County Board when the preliminary injunction was granted. The parties claim the issues before us are not moot. In the interest of judicial economy and with due regard for the fact that Bookmark has been kept from opening its business in Albany County long enough, we will take them at their word.

pursuant to the LUMS, the county planning commission held a hearing, and the County Board denied the permit application upon recommendation from the planning commission.

In November of 1995, Bookmark opened for business despite the County Board's decision to deny Bookmark's commercial use permit application. In Civil Action No. 25406, the County Board sought injunctive and declaratory relief in the district court, and that court granted a preliminary injunction (first preliminary injunction) enjoining Bookmark from the commercial use of the property pending a final decision in the case. Bookmark obeyed that order. On September 24, 1996, this Court determined that the LUMS found in Converse County had no legal effect and were unenforceable. *Ford v. County Comm'rs of Converse County*, 924 P.2d 91 (Wyo.1996) ("Since comprehensive plans [LUMS] lack the legal effect of zoning laws, which actually regulate land use, the county plan by itself had no regulatory authority." *Id.* at 95). At that time, Albany County was utilizing a land use management system which was very similar to Converse County's land use plan. On October 2, 1996, the County Board, based on recommendations from the planning and zoning staff, adopted a resolution declaring a ten month moratorium[2] on commercial and industrial development within the unincorporated areas of Albany County, Wyoming.

On or about October 3, 1996, Bookmark again opened its doors for business on the subject property. The County Board again sought and obtained a cease and desist order against Bookmark, prohibiting the commercial use of the property once again because the district court determined that the first preliminary injunction, based on the LUMS, was still in effect. Bookmark then filed a motion to vacate the first preliminary injunction. On February 6, 1997, the district court vacated the first preliminary injunction in accordance with our decision in *Ford*, because the LUMS system on which the injunction was based exceeded the statutory authority granted to counties to regulate land use and was, therefore, invalid.

Bookmark once again opened its doors for business, and the County Board filed another complaint and petition for injunctive relief in Civil Action No. 25907. The County Board argued that the moratorium resolution it passed in October of 1996, and a second moratorium resolution it adopted in February of 1997, prohibited Bookmark's commercial use of the property. The district court granted the second preliminary injunction, effective until August 2, 1997. Bookmark timely filed this appeal.

## DISCUSSION

*Statutory and Case Law Background*

In Wyoming, counties have been granted broad authority to regulate the use of their lands through the use of zoning plans and resolutions. *Ford v. Board of County Comm'rs of Converse County*, 924 P.2d 91, 95 (Wyo.1996) (citing WYO. STAT. §§ 18–5–201 through –207 (1996)). The board of county commissioners for each county may create and establish a planning and zoning commission. WYO. STAT. § 18–5–202(a) (1997). Once established, the planning and zoning commission has the authority to prepare a comprehensive zoning plan. WYO. STAT. § 18–5–202(b) (1997). If the planning and zoning commission intends to certify its recommendation of the zoning plan to the board of county commissioners, it must first hold at least one public hearing, providing at least thirty days notice of the time and place of the hearing before the date of the hearing. *Id.*

Before the board can adopt the recommendations of the planning and zoning commission, the board must hold at least one public hearing. WYO. STAT. § 18–5–202(c) 1997. Notice of the time and place of hearing shall be given at least fourteen days before the date of the hearing. *Id.* After the public hearing, the board shall vote on whether to adopt the recommendation of the planning and zoning commission. *Id.* No zoning recommendation shall be adopted unless a ma-

---

2. The ten month moratorium will also be referred to as a "temporary freeze" or "emergency freeze" or "freeze" resolution.

jority of the board votes in favor thereof. *Id.* In *Ford* we held that comprehensive zoning plans lack the legal effect of zoning laws and cannot be equated with comprehensive zoning in legal significance. *Ford,* 924 P.2d at 95. "A comprehensive plan is generally a prerequisite for the adoption of zoning resolutions. Section 9-8-301. In this case, the board of county commissioners developed a comprehensive plan but never adopted any zoning resolutions." *Id.* "It is the proper zoning enactment which has the force and effect of law." *Id.*

Once a county passes a zoning resolution, it is unlawful to use any land within the area included in the zoning resolution without first obtaining a zoning certificate from the board of county commissioners. WYO. STAT. § 18-5-203 (1997). No zoning certificate may be issued unless the planned use fully complies with the zoning regulations. *Id.* If the Board denies an application, that decision may be reviewed by the district court and by the supreme court. *Id.* If a landowner violates a zoning resolution passed by the board pursuant to WYO. STAT. § 18-5-202, the resolution is enforceable by injunction. WYO. STAT. § 18-5-205 (1997). However, the Act also contains a "grandfather" clause, which provides that a zoning resolution shall not prohibit the continuance of any use for which the land, building or structure is used at the time the zoning resolution is adopted, and it is not necessary to obtain any certificate permitting such continued use. WYO. STAT. § 18-5-207 (1997).

■ County boards have the power to enact a freeze resolution without notice and hearing, if necessary. *Schoeller v. Bd. of County Commissioners,* 568 P.2d 869, 878 (Wyo.1977). However, that power is subject to restrictions. *Id.* "[A] freeze-resolution may initially continue only for a length of time which affords an opportunity to give notice and hold a hearing on the issue of whether or not such a resolution should be given more permanent status under [WYO. STAT. § 18-5-202]." *Id.* at 878-79. We adopted the following continuum in *Schoeller:*

> (1) On recommendation of the county zoning commission, the board can adopt a freeze-resolution in appropriate circumstances without prior notice and hearing; (2) pursuant to [WYO. STAT. § 18-5-202], notice of such action shall be promptly given in a newspaper of general circulation in the county, which also shall notice a hearing to be held on the thirtieth day [3] after the publication on the question of whether or not the freeze-resolution should be extended pending the formulation of a comprehensive plan; and (3) within a reasonable time, if the freeze-resolution is so extended, the board shall adopt a comprehensive plan under [WYO. STAT. § 18-5-202].

*Schoeller,* 568 P.2d at 879.

### The Preliminary Injunctions

■ The County Board admits that its Land Use Management System (LUMS) mirrored the "comprehensive plan" found invalid in our decision in *Ford v. Board of County Comm'rs of Converse County,* 924 P.2d 91 (Wyo.1996). Therefore, when Bookmark applied for a change of use permit in Albany County, Wyoming, the County Board had no authority to either grant or deny a permit regulating the use of that property. The district court was correct when it vacated the first preliminary injunction as improvidently granted.[4]

After publication of the *Ford* decision, the County Board adopted a moratorium resolution which restricted commercial use of property within the county to maintain the status quo while it adopted legal zoning laws. "We

---

**3.** The statute we analyzed in *Schoeller* was WYO. STAT. § 18-289.3, which required a thirty-day notice period. As noted above, WYO. STAT. § 18-5-202, the current version of that statute, requires a fourteen-day notice period. Therefore, if a county adopts a freeze resolution or moratorium pursuant to WYO. STAT. § 18-5-202 (1997), there must be notice and a hearing within fourteen days concerning whether or not to continue the freeze.

**4.** Both parties present arguments concerning whether the order vacating the first preliminary injunction should be applied retroactively or purely prospectively. However, because we find that the "temporary freeze" was improperly adopted by the County Board, we need not reach that issue.

have recognized that the zoning authority which has been granted to counties includes the power to adopt temporary freeze resolutions so that the status quo may be preserved until planning and zoning decisions can be made." *Id.* at 95 (citing *Schoeller*, 568 P.2d at 874–75). However, if the County Board's temporary freeze resolution (moratorium) was not adopted in accordance with Wyoming statutes and our holding in *Schoeller*, the resolution was invalid. *Schoeller*, 568 P.2d at 879.

After hearing arguments from both parties, the district court granted a preliminary injunction "enjoining ... Bookmark, Inc .... from operating a commercial business at 188 South Kiowa Street, Albany County, Wyoming, until August 2, 1997 or until further order of this Court[.]" In the second preliminary injunction order the district court found that the County Board's moratorium resolutions "resulted from *Ford v. Board of County Commissioners of Converse County,* 924 P.2d 91 (Wyo.1996), and that there was reasonable cause for the adoption of said resolutions given the lack of zoning authority present in Albany County, Wyoming resulting from the *Ford* decision[.]"

The district court also properly determined that the County Board "has authority to adopt a temporary freeze under *Schoeller v. Board of County Commissioners,* 568 P.2d 869 (Wyo.1977) and *Ford,* and under Wyoming law governing the regulation of property use[.]" In *Ford* we clearly recognized that counties have the "power to adopt temporary freeze resolutions so that the status quo may be preserved until planning and zoning decisions can be made." *Ford,* 924 P.2d at 95 (citing *Schoeller,* 568 P.2d at 874–75). The district court then found that Bookmark's activities constitute a commercial activity as defined by those resolutions and that such use violates the resolutions; therefore, it granted the second preliminary injunction.

However, the district court erred when it determined that the recommendation to the County Board from the county planning office, rather than the planning and zoning commission, constituted a sufficient recommendation from the "county zoning authorities." The district court also committed error when it determined that the freeze resolutions were enforceable because "prompt notice of the proposed adoptions of said resolutions was given in a newspaper of general jurisdiction for Albany County, Wyoming[.]"

First, *Schoeller* requires that, before the county commissioners can adopt a resolution, the planning and zoning commission must recommend adoption of the resolution to the county board. *Schoeller,* 568 P.2d at 879. The County Board admits that no such recommendation was made to the County Board. Rather, the planning and zoning staff recommended that the County Board adopt the resolution. The district court determined that a recommendation from the Albany County Planning Office to the County Board constituted a recommendation from the county zoning authorities because whether the commission or the staff made the recommendation was "form over substance." We disagree. "[T]he rule of strict construction must be adopted in determining whether the delegated powers have been acceptably exercised." *Schoeller,* 568 P.2d at 876. Failure to follow the statutory requirements in adopting a freeze resolution results in a void, or invalid, freeze resolution. *Id.* at 879. Therefore, the ten month moratorium was void *ab initio* when the initial recommendation to the County Board came from the planning staff and not the planning and zoning commission.

Second, *Schoeller* requires that the resolution shall provide that it will be published in the newspaper, and that thirty days after the adoption of a resolution, a public hearing will be held to determine whether or not the board should extend the resolution. *Schoeller,* 568 P.2d at 879. The County Board did not undertake the required notice and hearing. In short, the County Board did not comply with either the first or the second requirements from the continuum in *Schoeller* when it adopted the ten month moratorium on commercial use of property within Albany county. Therefore, the moratorium was an invalid exercise of the county's police power. *Id.* at 878.

The moratorium should have been allowed to continue only for the length of time necessary to afford opportunity to give notice and hold a hearing on the issue of whether the resolution should be given a more permanent status. *Id.* at 878–79. Under the current statutes, that period is fourteen days. WYO. STAT. § 18–5–202(c) (1997); and *see Schoeller*, 568 P.2d at 879. Therefore, even if the zoning and planning commission had properly given the County Board a recommendation to adopt them, the first moratorium became void on or about fourteen days after October 2, 1996, and the second moratorium became void on or about fourteen days after February 7, 1997. *See Schoeller*, 568 P.2d at 879.

■ "Once a county has adopted zoning resolutions, a landowner cannot develop or use any land within that area without obtaining a zoning certificate." *Ford*, 924 P.2d at 95 (citing WYO. STAT. § 18–5–203). According to counsel for the County Board, the county did not adopt a zoning resolution until August 1, 1997. Since the county had not adopted a valid zoning resolution and the ten month moratorium was void *ab initio*, the preliminary injunctions which kept Bookmark from operating a commercial business should not have been granted. In spite of the improvidently granted preliminary injunctions, Bookmark established its intended commercial use in 1995 and again in 1996. Therefore, we hold that Bookmark may continue to use its land as if the invalid moratorium resolutions had never been adopted. *See* WYO. STAT. § 18–5–207 (1997). In other words, Bookmark's commercial use is "grandfathered," and commercial operations may continue without seeking a certificate permitting a nonconforming use. WYO. STAT. § 18–5–207 (1997).

## CONCLUSION

The district court erred when it granted the second preliminary injunction enjoining Bookmark from operating a commercial business on the subject property. Because the preliminary injunction was improvidently granted, we reverse and remand this case to the district court for appropriate action.