# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 127

**APRIL TERM, A.D. 2020**

**September 28, 2020**

| | | |
|---|---|---|
| POWDER RIVER BASIN RESOURCE COUNCIL,<br><br>Appellant<br>(Petitioner),<br><br>v.<br><br>WYOMING DEPARTMENT OF ENVIRONMENTAL QUALITY and BROOK MINING COMPANY, LLC,<br><br>Appellees<br>(Respondents).<br><br>DAVID FISHER and MARY BREZIK-FISHER,<br><br>Appellants<br>(Petitioners),<br><br>v.<br><br>WYOMING DEPARTMENT OF ENVIRONMENTAL QUALITY and BROOK MINING COMPANY, LLC,<br><br>Appellees<br>(Respondents). | | S-20-0016, S-20-0017 |

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Powder River Basin Resource Council:*

Shannon R. Anderson, Powder River Basin Resource Council, Sheridan, Wyoming. Argument by Ms. Anderson.

*Representing David Fisher and Mary Brezik-Fisher:*

Jay A. Gilbertz, Yonkee & Toner, LLP, Sheridan, Wyoming. Argument by Mr. Gilbertz.

*Representing Department of Environmental Quality:*

Bridget L. Hill, Attorney General; James Kaste, Deputy Attorney General; Matthew VanWormer, Senior Assistant Attorney General. Argument by Mr. VanWormer.

*Representing Brook Mining Co., LLC:*

Patrick R. Day, JoAnna S. DeWald, and Thomas L. Sansonetti, Holland & Hart, LLP, Cheyenne, Wyoming. Argument by Mr. Day.

*Before FOX and KAUTZ, JJ., and PERRY, DAY, and LAVERY, DJJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAY, District Judge.**

[¶1]    Appellee, Brook Mining Company, applied to the Wyoming Department of Environmental Quality (WDEQ) for a permit to develop and operate a new surface coal mine in Sheridan County, Wyoming.  Pursuant to certain agency rules that allowed for a contested case hearing before a formal agency decision, the Environmental Quality Council (EQC) held a contested case hearing.  The EQC concluded the permit application was deficient in certain areas and issued a decision that the application must be denied. In accordance with that EQC decision, the Director of WDEQ then denied the permit. The Director's decision was appealed to the district court.  The district court reversed the decision of the Director and the EQC.  Appellants, Powder River Basin Resource Council (PRBRC) and Mr. and Mrs. Fisher, appeal the district court's decision.  Concurrent to this appeal, Brook Mining Company revised its permit application and that application was recently approved.  We find that the issues presented in this appeal are now moot.

## ISSUES

[¶2]    The parties raised several issues but a single issue of justiciability is dispositive:

> Whether the issues in this appeal continue to present a justiciable controversy.

## FACTS

[¶3]    Brook Mining Company submitted its application to develop a new surface coal mine in October 2014.  The permit application was then subject to several rounds of review by WDEQ staff.  In December 2016, WDEQ staff determined the application was technically complete and recommended it for publication.  Pursuant to Wyo. Stat. Ann. § 35-11-406(j) (LexisNexis 2015), the application was published for four consecutive weeks.  The final publication was followed by a 30-day public comment and objection period pursuant to Wyo. Stat. Ann. § 35-11-406(k).  Several parties filed written objections to the permit, including PRBRC and the Fishers.  The parties then requested an informal conference with the Director.

[¶4]    As the Wyoming Environmental Quality Act (WEQA) existed in December 2016, there were two options once an informal conference was requested.  One option was for the Director to have the informal conference.  Wyo. Stat. Ann. § 35-11-406(p) (LexisNexis 2015), *amended by* Wyo. Stat. Ann. § 35-11-406(p)(ii) (LexisNexis 2020 Supp.).  If that occurred, then the Director was required to issue a decision to approve or deny the permit application within sixty days of that conference.  Wyo. Stat. Ann. § 35-11-406(p) (LexisNexis 2015), *amended by* Wyo. Stat. Ann. § 35-11-406(p)(iii) (LexisNexis 2020 Supp.).  A party could then appeal that decision to the EQC for a

1

contested case hearing. Wyo. Stat. Ann. § 35-11-406(k) (LexisNexis 2015). The EQC's decision could then be appealed to the district court. Wyo. Stat. Ann. § 16-3-114(a) (LexisNexis 2015).

[¶5] The second option would arise if the Director denied the request for an informal conference. In that instance, the matter would proceed to the EQC for a contested case hearing. Wyo. Stat. Ann. § 35-11-406(k) (LexisNexis 2015). Then, once the EQC issued its decision, the Director must either issue or deny the permit within fifteen days. Wyo. Stat. Ann. § 35-11-406(p) (LexisNexis 2015), *amended by* Wyo. Stat. Ann. § 35-11-406(p)(iii) (LexisNexis 2020 Supp.). That decision could then be appealed to the district court. Wyo. Stat. Ann. § 16-3-114(a).

[¶6] The second path was followed in this case. The Director denied the request for an informal conference, noting that multiple objections had been filed and that an informal conference was therefore unlikely to be successful. PRBRC and the Fishers then requested a contested case hearing. A seven-day contested case hearing was held. The EQC issued a decision that the permit application was deficient in the areas of hydrology, subsidence, and blasting. The EQC denied the permit application but also ordered the company to revise its permit application and resubmit it for review to WDEQ. The Director of WDEQ then issued an order denying the permit application. This appeal followed.

[¶7] While this appeal was pending, Brook Mining Company submitted its revised permit application. After the public comment period, an informal conference was requested. The Director held that informal conference. The Director then issued a decision that approved the revised permit application. PRBRC has initiated a separate administrative appeal of that decision.

[¶8] Also, while this appeal was pending, the regulatory structure for informal conferences was revised. 2020 Wyo. Sess. Laws ch. 35 (codified at Wyo. Stat. Ann. § 35-11-406(k) (LexisNexis 2020 Supp.)). Instead of the two-path system, there is now only one system: an informal conference with the Director is now mandatory and a contested case hearing can only occur after the Director issues a decision. *Id.*

### *STANDARD OF REVIEW*

[¶9] We review an agency's decision as if it came directly to us, with no deference to the district court. *E.g.*, *HB Family Ltd. P'ship v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2020 WY 98, ¶ 32, 468 P.3d 1081, 1091 (Wyo. 2020) (citations omitted).

[¶10] However, a court should not hear a case where there has been a change in circumstances, occurring either before or after a case has been filed, that eliminates the

2

controversy. *E.g.*, *Operation Save Am. v. City of Jackson*, 2012 WY 51, ¶ 21, 275 P.3d 438, 448 (Wyo. 2012). When no controversy exists, courts will not consume their time dealing with moot questions. *In re Birkholz*, 2019 WY 19, ¶ 2, 434 P.3d 1102, 1103–04 (Wyo. 2019) (citations omitted).

> The doctrine of mootness encompasses those circumstances which destroy a previously justiciable controversy. This doctrine represents the time element of standing by requiring that the interests of the parties which were originally sufficient to confer standing persist throughout the duration of the suit. Thus, the central question in a mootness case is "whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties."

*Operation Save Am.*, 2012 WY 51, ¶ 21, 275 P.3d at 448 (citations omitted). A case is moot when the determination of an issue will have no practical effect on the existing controversy. Therefore, "if events occur during the pendency of an appeal that cause a case to become moot or make determination of the issues unnecessary, we will dismiss it." *In re SNK*, 2005 WY 30, ¶ 6, 108 P.3d 836, 838 (Wyo. 2005) (citations omitted).

[¶11] There are exceptions to the mootness doctrine: (1) if the matter is one of great public importance or interest, (2) where necessary to provide guidance to state agencies and to produce uniformity in the decisions of the district courts, or (3) for controversies capable of repetition yet evading review. *E.g.*, *Operation Save Am.*, 2012 WY 51, ¶¶ 22–23, 275 P.3d at 448–49.

## *DISCUSSION*

[¶12] In this case, two events occurred that change the circumstances of the case. One change in circumstances occurred when WDEQ approved the revised permit application. Another change in circumstances occurred when the legislature changed the regulatory structure for the approval of new coal mine applications by removing the opportunity for an EQC contested case hearing prior to the Director's decision. The Court addresses both changes in circumstance in its analysis.[1]

---

[1] The revised permit application was approved after oral argument occurred in this case. Thus, Brook Mining Company's briefing and arguments on this issue centered on whether the change in the regulatory structure met the exceptions to the mootness doctrine.

*Exceptions to the Mootness Doctrine*

[¶13]   The substantive issues raised in this appeal relate to whether the EQC acted within its authority in holding a contested case hearing and whether the WDEQ Director was bound to the EQC's decision.   Brook Mining Company asserts that these substantive issues are capable of repetition yet evading review.   Under the "capable of repetition, yet evading review" exception to mootness, two requirements must be met: (1) "the duration of the challenged action must be too short for completion of litigation prior to its cessation or expiration," and (2) "there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *E.g.*, *Operation Save Am.*, 2012 WY 51, ¶ 30, 275 P.3d at 450.

[¶14]   In this case, neither element is met.   First, Brook Mining Company's revised mining permit application has been approved.   Therefore, the duration of the challenged action (the lack of approval of the original permit application) is too short for completion of this litigation because that application has been replaced by a revised permit application, that application has been approved, and a separate administrative appeal of that agency decision has been initiated.   Second, even if Brook Mining Company applied for another permit to mine at some point in the future, the application would not be subject to the pre-decision contested case proceeding with the EQC due to the change in the regulatory structure.   The Court therefore cannot find that this matter is capable of repetition yet evading review.

[¶15]   The exception to provide guidance to the district courts or to administrative agencies similarly does not apply in this case because of the change to the regulatory structure for approving new mining permits.   The substantive issues this Court is invited to decide center around the regulatory opportunity to have a contested case hearing before the Director issues a decision.   That opportunity no longer exists under Wyoming law.

[¶16]   The "great public importance" exception also does not apply.   That exception is generally reserved for issues of constitutional magnitude. *Operation Save Am.*, 2012 WY 51, ¶ 25, 275 P.3d at 449; *Jolley v. State Loan & Inv. Bd.*, 2002 WY 7, ¶ 9, 38 P.3d 1073, 1078 (Wyo. 2002).   This is a case of administrative review of an agency action, an area where the Court has declined to extend that exception. *Jolley*, 2002 WY 7, ¶ 10, 38 P.3d at 1078–79 ("We decline to expand the doctrine to encompass alleged violations of an agency's rules and regulations that do not directly implicate the constitutionality of legislation or an agency's actions or inactions.").

[¶17]   The Court concludes that this matter no longer presents a justiciable controversy that would have an impact on the parties.   Brook Mining Company's revised permit application has been approved by WDEQ and is now the subject of a separate

administrative appeal. A decision on the procedural propriety of the WDEQ decision on the first application, under a regulatory structure that has since been amended by the legislature, would be advisory. No exception to the mootness doctrine warrants the issuance of such an opinion.[2]

### *CONCLUSION*

[¶18] Because Brook Mining Company's revised permit application was approved, and because the regulatory structure that gave rise to this appeal is no longer in effect, the issues presented in this appeal have become moot. Any decision of this Court with regard to this appeal would be advisory. The appeal is dismissed.

---

[2] WDEQ invites this Court to vacate the district court decision. Counsel points to the vacatur practice used in federal courts in response to cases that have become moot (1) by happenstance or (2) by the unilateral actions of the party that prevailed in the lower court. *E.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25, 115 S.Ct. 386, 391–92, 130 L.Ed.2d 233 (1994); *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 76 F.3d 1142, 1144–45 (10th Cir. 1996). Vacatur can be an equitable remedy in some cases but is limited in application because it is an "extraordinary remedy." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 25–28, 115 S.Ct. at 391–93. This issue was not briefed by all parties and the Court is unable to evaluate whether the changed circumstances in this case meet the legal criteria for happenstance or unilateral action as described by *U.S. Bancorp Mortg. Co.* This Court therefore concludes that this is not the case to evaluate or adopt the doctrine of vacatur applied in *U.S. Bancorp Mortg. Co.* and its progeny.