# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 149

OCTOBER TERM, A.D. 2020

December 16, 2020

TIMOTHY O. BEPPLER and KATHRYN L.
BEPPLER, individually and on behalf of
their minor grandchildren; NATHAN
PRETE, individually and on behalf of his
minor children; and TIFFANY
ESKELSON-MAESTAS, individually and
on behalf of her minor children,

Appellants
(Plaintiffs),

v.                                                                          S-20-0140

UINTA COUNTY SCHOOL DISTRICT
NUMBER ONE, STATE OF WYOMING, a
body corporate,

Appellee
(Defendant).

*Appeal from the District Court of Uinta County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellants:*
> *Michael A. Rollin, Foster Graham Milstein & Calisher, LLP, Denver, Colorado;*
> *Sharon M. Rose, The Rose Law Firm, P.C., Evanston, Wyoming. Argument by*
> *Mr. Rollin.*

*Representing Appellee:*
> *Geoffrey J. Phillips, Phillips Law, LLC, Evanston, Wyoming. Argument by*
> *Mr. Phillips.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    Parents and grandparents of students in the Uinta County School District Number One filed this lawsuit to challenge a rule adopted by the School District that permitted school personnel to carry firearms on school property.  They alleged the rule ("Rule CKA") violated the Wyoming Constitution, did not comply with the enabling statute, and was not adopted in compliance with the Wyoming Administrative Procedure Act.  The district court granted summary judgment in favor of the parents and grandparents on their count alleging violation of the enabling statute, and granted the School District's motions to dismiss or for summary judgment on the remaining three counts.  The parents and grandparents appeal.  We conclude the district court's order invalidating Rule CKA renders all other issues moot, and we remand for entry of a final order and dismissal of the remaining claims.

## ISSUE

[¶2]    Did the summary judgment order invalidating the rule render this appeal moot?

## FACTS

[¶3]    The 2017 Wyoming Legislature enacted a law authorizing school districts to adopt rules "to allow the possession of firearms by employees possessing a valid concealed carry permit . . . on or in" school property.  Wyo. Stat. Ann. § 21-3-132 (LexisNexis 2017).  The statute requires such rules to contain certain provisions, including "ongoing training requirements, curricula and instructor qualifications, subject to approval by local law enforcement . . . ."  21-3-132(c)(iii).  The School District adopted a firearm policy rule in 2018, but one of the Appellants in the current action sued to challenge it, and the district court determined the rule was not adopted in compliance "with the formal notice and rulemaking requirements of the [Wyoming Administrative Procedure Act]," and declared the "School Firearms Policy . . . null and void."  The School District then issued its Notice of Intent to Adopt New Rules authorizing district personnel to carry concealed firearms on school property, followed by an extensive rulemaking process.  The School District approved Rule CKA April 9, 2019.  As required by Wyo. Stat. Ann. § 21-3-132(e), the School District Superintendent notified students' parents and guardians of the rule's adoption by letter dated August 2, 2019.

[¶4]    Appellants Timothy O. Beppler and Kathryn L. Beppler, as grandparents of children attending school in the School District; Nathan Prete, as the parent of children attending school in the School District; and Tiffany Eskelson-Maestas, as the parent of children attending school in the School District, filed their Complaint for Declaratory Judgment and Injunctive Relief August 26, 2019.  In Count I, they sought declaratory judgment that Rule CKA violated the Wyoming Constitution and should be set aside pursuant to Wyo. Stat. Ann. § 16-3-114(c)(ii)(B).  In Count II, they alleged that Rule

1

CKA violated Wyo. Stat. Ann. § 21-3-132(c)(iii) because it did not establish instructor qualifications, and that the rule should therefore "be held unlawful and set aside . . . ." In Counts III and IV, they sought judgment declaring Rule CKA was not adopted in compliance with the Wyoming Administrative Procedure Act, Wyo. Stat. Ann. § 16-3-114(c)(ii). The parties filed numerous motions and cross-motions. The district court made the following rulings relevant to this appeal:

- December 3, 2019 Order dismissing Counts III and IV for lack of jurisdiction, finding that those claims should have been filed as petitions for review of administrative action and not declaratory judgment actions. The district court denied the School District's motions to dismiss or for summary judgment on Count I (violation of constitution) and Count II (failure to comply with statutory requirement for instructor qualifications).

- April 24, 2020 Order granting plaintiffs' motion for summary judgment, finding Rule CKA is invalid because the rule fails to follow the statute requiring establishment of instructor qualifications.

- April 24, 2020 Order dismissing Count I of the Complaint, finding that Appellants failed to state a claim of equal protection or substantive due process violations.

[¶5]   The parents and grandparents appeal the dismissal of Counts I, III, and IV on various grounds. The School District did not appeal the district court's order finding Rule CKA was invalid.

***DISCUSSION***

[¶6]   The parties have not raised mootness; however, the "doctrine [of mootness] represents the time element of standing." *Operation Save Am. v. City of Jackson*, 2012 WY 51, ¶ 21, 275 P.3d 438, 448 (Wyo. 2012). "[B]ecause standing is a 'vital jurisprudential' rule, a 'court may still, and should, raise standing issues *sua sponte* when the parties do not.'" *Williams v. State ex rel. Univ. of Wyo. Bd. of Trs.*, 2019 WY 90, ¶ 7, 448 P.3d 222, 226 (Wyo. 2019) (quoting *In re L-MHB*, 2018 WY 140, ¶ 24, 431 P.3d 560, 568 (Wyo. 2018)).

[¶7]   Appellants have, perhaps inadvertently, made a strong argument for mootness. They contend W.R.C.P. 52(d) prohibited the district court's consideration of the constitutional claim because the order invalidating Rule CKA for failure to establish instructor qualifications "operates *ab initio*, requiring Appellee to restart the rulemaking

2

process if it wishes to adopt a new Rule permitting armed staff in its schools." The School District's argument that it was not required to restart rulemaking because the district court only invalidated the rule, rather than declaring it null and void, is unavailing. The Court in *State Bd. of Equalization v. Jackson Hole Ski Corp.*, 745 P.2d 58, 60 (Wyo. 1987) used the term "null and void." We see no significant difference between those words and a finding that a rule is "invalid," a word the Court used to the same effect in *Crouthamel v. Bd. of Albany Cnty. Comm'rs*, 951 P.2d 835, 839 (Wyo. 1998). Because the School District was required to restart rulemaking, the controversy over Rule CKA ended when the district court issued its order granting Appellants' summary judgment. "When no controversy exists, courts will not consume their time dealing with moot questions." *Powder River Basin Res. Council v. Wyo. Dep't of Env't Quality*, 2020 WY 127, ¶ 10, 473 P.3d 294, 297 (Wyo. 2020) (quoting *In re Birkholz*, 2019 WY 19, ¶ 2, 434 P.3d 1102, 1103 (Wyo. 2019)). This appeal is moot because the determination of the issues appealed "will have no practical effect on the existing controversy." *Powder River Basin*, 2020 WY 127, ¶ 10, 473 P.3d at 297. Further, the case was moot at the time the district court entered its final order invalidating Rule CKA.

[¶8] At oral argument, counsel for the Appellants suggested this Court apply the exception to the mootness doctrine for controversies capable of repetition yet evading review. That exception requires two elements: (1) "the duration of the challenged action must be too short for completion of litigation prior to its cessation or expiration," and (2) "there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* at ¶ 13, 473 P.3d at 298 (quoting *Operation Save Am.*, 2012 WY 51, ¶ 30, 275 P.3d at 450). It is likely that the same complaining parties will be subject to the same action by the School District again, but the duration of that action will not be too short for completion of litigation before its cessation. The School District may restart rulemaking; and these parents and grandparents will have a full opportunity to challenge any new rule.

[¶9] Nor does the "great public importance" exception to mootness apply. We recognize that Appellants raise questions of constitutional magnitude, which may be of great public importance. *See Powder River Basin*, 2020 WY 127, ¶ 16, 473 P.3d at 298. However, we decline to address the constitutionality of a rule that is subject to revision and renewed challenges which will, in all likelihood, offer us an opportunity to consider the constitutionality of the rule in its most recent form.[1]

[¶10] A decision by the Court on the issues raised in this appeal would be purely advisory. There were no live issues remaining to be litigated when the district court entered its order invalidating Rule CKA, and it should have dismissed the other claims.

---

[1] Appellants have not challenged the enabling statute, Wyo. Stat. Ann. § 21-3-132.

*Stewart Title Guar. Co. v. Tilden*, 2003 WY 31, ¶ 9, 64 P.3d 739, 742 (Wyo. 2003).  We therefore remand to the district court for dismissal of all but its order on Count II.