# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 19

**OCTOBER TERM, A.D. 2020**

**February 1, 2021**

ASPHALT SPECIALTIES CO., INC., a
Colorado corporation,

Appellant
(Petitioner),

v.                                                                              S-20-0127

LARAMIE COUNTY PLANNING
COMMISSION,

Appellee
(Respondent).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
    Harriet M. Hageman of New Civil Liberties Alliance, Washington, DC.

*Representing Appellee:*
    Mark T. Voss and Justin E. Dolan of Laramie County Attorney's Office, Cheyenne,
    Wyoming. Argument by Mr. Voss.

*Before DAVIS, C.J., and KAUTZ, BOOMGAARDEN, GRAY, JJ and KORELL, DJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Asphalt Specialties Co., Inc. (ASCI) appeals the Laramie County Planning Commission's (the Commission's) decision denying ASCI's 2018 site plan application for a hard rock quarry operation in Laramie County.  ASCI argues the Commission's decision was unlawful and must be set aside under Wyo. Stat. Ann. § 16-3-114(c)(ii).  We agree and reverse.

## *ISSUE*

[¶2]    ASCI presents five issues in accordance with each subpart of Wyo. Stat. Ann. § 16-3-114(c)(ii), which governs judicial review of agency actions.  The issue ASCI presents first is dispositive.  We restate it as:

> Was the Commission's decision to deny ASCI's application in excess of statutory jurisdiction, authority or limitations or lacking statutory right?

## *FACTS*

[¶3]    ASCI, a Colorado corporation, has 555 acres of land in southwestern Laramie County called the "Lone Tree Creek" property.  ASCI wants to develop a 15-acre "hard rock quarry"[1] (the project) on the property, which is unzoned and assessed as residential vacant land.

[¶4]    In May 2018, ASCI filed a site plan application with the Commission in accordance with Laramie County Land Use Regulation (LCLUR) § 2-2-133.  According to LCLUR § 2-2-133(d)(i), "[a] site plan is required for all new commercial, industrial, public, and multi-family residential land uses."  The purpose of this requirement is to:

> [P]rotect the health, safety and welfare of Laramie County residents through appropriate design of commercial . . . developments.  Laramie County recognizes that flexibility and the use of best practices in site design will support the community vision described in the Laramie County Comprehensive Plan by preserving environmental quality and promoting economic vitality.

---

[1] ASCI seeks to develop this project as a limited mining operation under Wyo. Stat. Ann. § 35-11-401(e)(vi).  Like the parties, we characterize the project as a hard rock quarry or gravel mining operation, interchangeably.

1

LCLUR § 2-2-133(a). Applications must be submitted on a form provided by the Planning and Development Office and must depict a total of 26 specification and design related elements listed in LCLUR § 2-2-133(d)(vi)(A)–(Z).

[¶5]   Due to vocalized community concerns,[2] the Commission held a public hearing about the project under LCLUR § 2-2-133(d)(iv), which provides that "[s]ite plans in the regulatory area[3] of the County may require public hearing before the Planning Commission if the Planning and Development Director determines that the impacts of the proposed use will significantly impact surrounding properties."   LCLUR § 2-2-133(d)(iv) (since amended to require public hearing before the Board of County Commissioners).  At this mid-July hearing, the public again expressed concerns and resistance.[4]  The Commission voted 4-0 to postpone making its decision in order to further consider the information provided at the hearing.

[¶6]   In October 2018, the Commission held another hearing to deliberate and decide on ASCI's site plan.  Without hearing any further public comment, the Commission denied the application by a 2-2 vote.  In a written decision the Commission denied ASCI's proposed project altogether, concluding:

> The applicant's proposed use does not fulfill the purpose of the site plan regulation.  It does not adequately protect the health, safety and welfare of Laramie County Residents.  It also fails to support the community vision described in the Laramie County comprehensive plan and it does not effectively balance economic development with other equally important needs in the community.

[¶7]   In November 2018, ASCI petitioned the district court for review of the Commission's decision.  The district court affirmed, and ASCI appealed.

---

[2] About 45 people attended an informal public meeting in March 2018 and overwhelmingly resisted the project.  After that hearing, neighboring landowners organized and submitted a petition to stop the project with "50-60 signatures from people who 'live or ranch in the immediate area, are familiar with and visit the area, or frequently travel [in the area].'"

[3] The regulatory area is defined as "[a]ll lands in unincorporated Laramie County."  LCLUR § 1-3-101 (2019).

[4] Major areas of concern included increased traffic, and road use and deterioration; concerns about airborne dust, wind patterns, and potential health hazards; the effects of the project on the area's water resources; "view shed" concerns; and financial effects.

## STANDARD OF REVIEW

[¶8]    Our review is governed by the Wyoming Administrative Procedure Act. *HB Family Ltd. P'ship v. Teton Cty. Bd. of Cty. Comm'rs*, 2020 WY 98, ¶ 21, 468 P.3d 1081, 1088 (Wyo. 2020). We must affirm the Commission's decision unless it was:

> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16-3-114(c)(ii) (LexisNexis 2019). We review the decision as though it came directly from the agency; we give no deference to the district court's decision. *Powder River Basin Res. Council v. Wyoming Dep't of Envtl. Quality*, 2020 WY 127, ¶ 9, 473 P.3d 294, 297 (Wyo. 2020) (citation omitted). Finally, we review any conclusions of law de novo. *HB Family Ltd. P'ship*, ¶ 33, 468 P.3d at 1091 (citation omitted).

## DISCUSSION

[¶9]    ASCI argues the Commission's denial of the project "under the auspices of a Site Plan review" was unlawful under every subpart of Wyo. Stat. Ann. § 16-3-114(c)(ii). Our analysis of whether the denial exceeded the Commission's statutory authority alone warrants reversal.

[¶10]   "As an arm of the state, the county has only those powers expressly granted by the constitution or statutory law or reasonably implied from powers granted."[5] *Bd. of Trustees of Laramie Cty. v. Bd. of Cty. Comm'rs of Laramie Cty.*, 2020 WY 41, ¶ 12, 460 P.3d 251, 257 (Wyo. 2020) (quoting *Ford v. Bd. of Cty. Comm'rs of Converse Cty.*, 924 P.2d 91, 95 (Wyo. 1996)). No one disputes that Laramie County has statutory authority to regulate the use of lands. *Ford*, 924 P.2d at 95. The question we must answer is more exact: If Laramie County has not exercised its statutory authority to zone the Lone Tree Creek property, can

---

[5] The Commission provides no cogent argument or analysis to support a conclusion that it has authority to deny ASCI's proposed project based on implied powers.

it nevertheless deny or restrict ASCI's proposed land use? To answer this question, we first address the scope of the County's zoning authority and whether it exercised such authority. We then analyze the distinction between zoning and planning, and the legal significance of the County's regulatory control under a comprehensive land use plan and LCLURs concerning site plan review and approval.

[¶11] Wyo. Stat. Ann. § 18-5-201(a) (LexisNexis 2019) expressly permits a county to "regulate and restrict the location and use of buildings and structures and the use, condition of use or occupancy of lands for . . . industry, commerce, public use and other purposes in the unincorporated area of the county." The restriction of a particular land use is accomplished through zoning, and extends to restricting use for the development of sand, gravel, and rock. *River Springs Ltd. Liab. Co. v. Bd. of Cty. Com'rs of Cty. of Teton*, 899 P.2d 1329, 1333–34, 1336–37 (Wyo. 1995) (holding that sand, gravel, rock, and limestone are not "mineral resources" excluded from zoning restriction under Wyo. Stat. Ann. § 18-5-201).[6]

[¶12] It is undisputed that Laramie County has not zoned ASCI's property and has no land use regulations governing quarries or mining operations. However, the County does have a comprehensive land use plan and LCLURs that require submission, review and approval of site use plans in regulatory areas, including the Lone Tree Creek property. It is these land planning measures that the Commission interprets as providing sufficient legal authority to deny ASCI's proposed project altogether, reasoning: "[t]he use proposed by [ASCI] in this matter is not consistent with the Laramie County comprehensive plan[,]" and "[ASCI] has failed to demonstrate that the proposed quarry would protect the health[,] safety[,] and welfare of the citizens of Laramie County[.]" The Commission further argues that the site plan LCLURs "provide enough 'flexibility' to deny an application[.]" The question at this point, then, is whether the Commission impermissibly expanded the County's statutory authority to prohibit use of the Lone Tree Creek property as a hard rock quarry. Applying long-recognized statutory and legal distinctions between planning and zoning, we conclude it has.

[¶13] The legislature has mandated that each county adopt a countywide, or comprehensive, land use plan, statutorily defined as "any written statement of land use policies, goals and objectives adopted by local governments." Wyo. Stat. Ann. § 9-8-301(c), (d)(i) (LexisNexis 2019). "Such plans shall relate to an explanation of the methods for implementation, however, these plans shall not require any provisions for zoning." Wyo. Stat. Ann. § 9-8-301(d)(i). Thus, we have recognized that "[a] comprehensive plan is generally a prerequisite for the adoption of zoning resolutions." *Ford*, 924 P.2d at 95.

---

[6] *River Springs* goes on to explain that if a county has not prohibited gravel mining then the Department of Environmental Quality regulations govern the conduct of such mining. *Id.* at 1335–36. ASCI goes to great length to argue this point and explain that any residual regulatory authority Laramie County may have over and above that of the Department of Environmental Quality is limited. Given the narrow grounds for reversal set forth above, we need not address ASCI's arguments.

Such is the case with the Laramie County comprehensive plan, which, as the parties agree, is "advisory in nature." Laramie County Comprehensive Plan, § 1.2, p. 7 (June 2016).

[¶14] Zoning, on the other hand, is statutorily defined as "a form of regulatory control granted to local governments which may be used to guide and develop specific allowable land use." Wyo. Stat. Ann. § 9-8-301(d)(ii). In other words, "[z]oning is the process that a community employs to legally control the use which may be made of property and the physical configuration of development upon the tracts of land located within its jurisdiction." *Ford*, 924 P.2d at 94 (citing 1 Patrick J. Rohan, *Zoning and Land Use Controls* § 1.02[1] (1991)). Zoning resolutions must be adopted by the Board of County Commissioners in accordance with a statutorily prescribed process for considering the Planning and Zoning Commission's recommendations. Wyo. Stat. Ann. § 18-5-202(c) (LexisNexis 2019); *see also Crouthamel v. Bd. of Albany Cty. Comm'rs*, 951 P.2d 835, 837–38 (Wyo. 1998). "It is the proper zoning enactment which has the force and effect of law." *Ford*, 924 P.2d at 95 (citing 1 E.C. Yokley, *Zoning Law and Practice* § 5-3 at 225 (4th ed. 1978)). Comprehensive plans "lack the legal effect of zoning laws and cannot be equated with comprehensive zoning in legal significance." *Crouthamel*, 951 P.2d at 838 (citing *Ford*, 924 P.2d at 95).

[¶15] The LCLURs governing the submission, review and approval of a site plan application, LCLUR §§ 2-2-133 and 2-2-135, are tools the Commission may use to ensure the goals set forth in the County's comprehensive plan are met. But these regulations are separate and distinct from the zoning regulations found in Title 4 of the LCLURs. And the legal significance of regulations like LCLUR §§ 2-2-133 and 2-2-135 differs from the legal significance of properly adopted zoning regulations. *See id* at 836, 838–39 (finding that where Albany County did not employ a traditional, zoned, land use system, it could not grant or deny a permit restricting the use of that property). Only after a county has adopted zoning resolutions can it restrict a landowner from using land without obtaining a zoning certificate. *Id.* at 840 (citing *Ford*, 924 P.2d at 95).

[¶16] The Commission argues that these statutory distinctions do not apply because the LCLURs "provide enough 'flexibility' to deny an application[.]" The Commission claims it can deny a proposed use that has "deleterious effects on the broader community" because, "[o]n the 'flexibility' side, the LCLUR[s] inform[] each applicant that satisfying the 'best practices' requirements does not guarantee approval." "Together, 'best practices' and 'flexibility' advance 'the community vision described in the Laramie County Comprehensive Plan by preserving environmental quality and promoting economic vitality.'"

[¶17] We recognize the Commission was in a difficult position given the public's vocal disapproval of ASCI's proposed quarry. However, it is undisputed the County has not zoned the Lone Tree Creek property to restrict quarry operations. Should the Board of County Commissioners pursue zoning, all county citizens and landowners can then be

5

heard pursuant to Wyo. Stat. Ann. § 18-5-202(c).[7] Absent zoning, the Commission cannot substitute public disapproval for legal authority to deny ASCI its proposed project.[8] Nor may the Commission give the County's comprehensive plan and LCLUR § 2-2-133 legal effect they do not have. The legislature has distinguished and limited the legal effect of county planning documents and regulations like the LCLURs. They can be used to set forth land use policies, goals, and objectives, and help to implement those policies, goals, and objectives, but they cannot be used to restrict a proposed use. *Compare* Wyo. Stat. Ann. § 9-8-301(d)(i), *with* § 9-8-301(d)(ii). Use restriction can only be accomplished through zoning. *See Ford*, 924 P.2d 91; *Crouthamel*, 951 P.2d 835. The Commission cannot read the broad public health and safety, environmental quality, and economic vitality objectives reflected in its comprehensive plan or site plan LCLURs to afford itself any more authority than that which it is given by statute. *Bd. of Trustees of Laramie Cty.*, ¶ 12, 460 P.3d at 257.

## *CONCLUSION*

[¶18]   Counties may only restrict a land use pursuant to zoning. ASCI's Lone Tree Creek property is not zoned. The Commission therefore exceeded its statutory authority when it utilized its comprehensive land use plan and the site plan review process to outright deny ASCI use of its land for a limited gravel mining operation. We reverse and set aside the Commission's decision under Wyo. Stat. Ann. § 16-3-114(c)(ii)(C).

---

[7] Wyo. Stat. Ann. § 18-5-202(c) mandates that, "[b]efore adopting the recommendations the board shall hold at least one (1) public hearing. Notice of the time and place of hearing shall be given by one (1) publication in a newspaper of general circulation in the county at least fourteen (14) days before the date of the hearing."

[8] This opinion takes nothing away from the Commission's authority to issue or deny Certificates of Review and Compliance pursuant to LCLUR § 2-2-135. Planning Director Emmons acknowledged "[t]he Land Use Regulations have no specific regulations to quarry uses[,]" and stated that "[a]ll site required documents were provided[,]" and that the "[s]ite meets the requirements of [§] 2-2-133(d)." However, following the public hearings the Commission did not address this compliance issue in its written decision. As ASCI points out, the Commission's order never addresses "whether ASCI's Site Plan Application complies with the specific elements of [§] 2-2-133 of the [LCLURs]." Accordingly, any determination whether ASCI has complied with LCLUR § 2-2-133(d) is beyond the scope of this appeal.